## In re KEHLER.

(Circuit Court of Appeals, Second Circuit. January 7, 1908.)

### No. 115.

1. BANKRUPTCY—INSANE PERSONS—ACTS OF BANKRUPTCY—COMMISSION—"BANKRUPT."

Bankrupt Act July 1, 1898, c. 541, § 8, 30 Stat. 549 [U. S. Comp. St. 1901, p. 3425], provides that insanity of a bankrupt shall not abate the proceedings; and section 1 (30 Stat. 544 [U. S. Comp. St. 1901, p. 3418]) declares that the word "bankrupt" shall include a person against whom an involuntary petition has been filed. *Held* that, if an alleged bankrupt committed an act of bankruptcy while sane, and by reason of such act the bankruptcy court obtained jurisdiction, it could continue the proceedings notwithstanding the bankrupt's subsequent insanity, but that if the bankrupt was insane when the alleged acts of bankruptcy were committed an adjudication of bankruptcy against him was improper.

[Ed. Note.—For other definitions, see Words and Phrases, vol. 1, pp. 700, 701; vol. 8, p. 7587.]

2. SAME—BURDEN OF PROOF—INQUISITION OF INSANITY.

An alleged bankrupt made certain transfers while insolvent, on January 3, 1907, which were claimed to constitute acts of bankruptcy, and on February 22d a petition was filed to have him adjudged a bankrupt. On March 2d, he was adjudged a lunatic, the inquisition finding him to have been insane from December 22, 1906, but with lucid intervals prior to February 1, 1907, whereupon his committee filed an answer to the bankruptcy petition alleging such inquisition, and claiming that the bankrupt was non compos at the time the alleged acts of bankruptcy were committed. *Held*, that the committee's answer was prima facie proof of the bankrupt's insanity at the time the acts of bankruptcy were committed, and that the burden was on the petitioning creditors to show that the transfers were made during a lucid interval, it being presumed that the previous insanity, which was shown to be progressive and incurable, continued, in the absence of evidence to the contrary.

Appeal from the District Court of the United States for the Western District of New York.

On appeal from an order of the District Court for the Western District of New York dated May 29, 1907, adjudicating Frank J. Kehler an involuntary bankrupt and dismissing an answer, and an amended answer, filed by H. Franklin Schlegel, committee of said Kehler, alleging that he had been adjudged insane by the court of common pleas of Schuylkill county, Pa. The said answers were dismissed on the ground that they stated no facts which constituted a defense to the petition of the petitioning creditors. The opinion of the District Judge is reported in 153 Fed. 235.

S. M. Enterline and C. E. Berger, for appellant.
John Van Arsdale, for appellee.

Before LACOMBE, COXE, and NOYES, Circuit Judges.

COXE, Circuit Judge. On February 22, 1907, the petitioning creditors filed a petition asking that Kehler be adjudicated a bankrupt, alleging as acts of bankruptcy the transfer, while insolvent, on or about January 3, 1907, of property, aggregating $5,140 in value, to four relatives, who were creditors with intent to give them a preference; on the same day, February 22, 1907, a receiver of the property within the jurisdiction of the court was appointed. On March 21, 1907,

H. Franklin Schlegel as committee of the alleged bankrupt filed an answer to the petition in bankruptcy alleging that Kehler on March 2, 1907, was adjudged a lunatic by the court of common pleas of Pennsylvania upon petition filed February 18, 1907, four days prior to the filing of the petition in bankruptcy. Attached to the answer is a certified copy of the Pennsylvania proceedings.

The inquisition dated March 2, 1907, finds that from December 21, 1906, Kehler has been a lunatic, but with lucid intervals prior to February 1, 1907. We obtained the impression at the argument that Kehler's insanity developed suddenly about the time of his departure from Buffalo, that it was transient in character and, indeed, that doubt was entertained as to its genuineness. An examination of the testimony returned with the inquisition removes all doubt as to Kehler's insanity. Dr. Marshall who saw him last at Kirkbride's Insane Asylum at Philadelphia, testified that he was suffering from paretic dementia, or softening of the brain, which had affected his brain for over a year, and is beyond the hope of recovery. The doctor further testified that when he saw Kehler on January 2, 1907, he was much depressed, having alternating periods of laughing and crying, while his countenance was expressionless. That he was undoubtedly insane since January 2, 1907, and before that date, that he had only partial lucid intervals, that it is a case of progressive paralysis, beginning with the spine and progressing until the entire body collapses.

It is, therefore, at least possible that an insane man has been adjudged a bankrupt because of acts for which he was in no way responsible. If he committed the acts of bankruptcy alleged in the petition while insane, the adjudication is a wrong which, irrespective of technical objections to the pleadings and proceedings of his committee, should be righted. If, on the other hand, these acts were committed while sane, there was no error in continuing the case even though the bankrupt subsequently became insane.

Section 8 of the Bankruptcy Act, Act July 1, 1898, c. 541, 30 Stat. 549 [U. S. Comp. St. 1901, p. 3425], provides that the insanity of a bankrupt shall not abate the proceedings, and section 1 provides that the word "bankrupt" shall include a person against whom an involuntary petition has been filed. It is manifest, therefore, that if Kehler committed an act of bankruptcy while sane, and by reason of such act the court obtained jurisdiction, it can continue the proceedings notwithstanding the subsequent insanity of the bankrupt.

The all-important question is, was he sane or insane on January 3, 1907, when it is alleged the acts of bankruptcy were committed? If insane at that time he could not give a fraudulent preference and should not have been declared a bankrupt. The district judge correctly states the proposition as follows:

"True, an insane person cannot commit an act of bankruptcy, but if Kehler was compos mentis at the time the acts were committed, the petition by creditors being filed before he was adjudged insane, I think the court acquired jurisdiction of the proceedings."

Believing, however, that the burden was upon the committee to prove that Kehler was insane on January 3, 1907, because of the find-

ings that he had "lucid intervals prior to February 1, 1907," the judge denied the motion to dismiss the petition, granted the motion to dismiss the answer and amended answer, on the ground that they do not allege facts sufficient to constitute a defense to the petition, and adjudged Kehler a bankrupt. We are unable to agree with this ruling. We think the answer should have been held sufficient prima facie proof of insanity, with leave to the creditors to file a replication and offer proof that alleged acts of bankruptcy were committed during a lucid interval.

Counsel do not agree as to the rule enunciated by the Pennsylvania decisions, but as we read them they are practically unanimous in holding that the finding of an inquisition in lunacy that a party is insane with or without lucid intervals during a given period, throws upon the party relying upon an act done by the lunatic during this period the burden of showing that it took place during a lucid interval. Rogers v. Walker, 6 Pa. 373, 47 Am. Dec. 470; McGinnis v. Commonwealth, 74 Pa. 248. The logic of the rule is apparent. The presumption that a sane man's acts are rational is no stronger than the presumption that an insane man's acts are irrational. The legal status of sanity being established, it is presumed to continue until the contrary is shown. The legal status of insanity being judicially established, why should not the same presumption attach?

He who alleges that a sane man was insane at a particular time must prove it, the presumption is against such a contention. He who alleges that an insane man's act was sane at a particular time must prove it, as the presumption is the other way. The rule is well stated in the Am. & Eng. Enc. of Law (2d Ed.) vol. 16, p. 604, as follows:

"When habitual insanity in the mind of the person whose act is in question is once established, then the party who would take advantage of the fact of restoration to a sane condition or of an interval of reason must prove it, for insanity of that character is presumed to continue until the contrary is shown."

### On the same subject 22 Cyc. 1115, says:

"Insanity admitted or once proved to exist is presumed to continue, and if a recovery or a lucid interval is alleged to have occurred, the burden to prove such allegation is on the party making it * * *. The presumption arises only in cases where the insanity is continuing and permanent in its nature or where the cause of the disorder is continuing and permanent."

In Hicks v. Marshall, 8 Hun (N. Y.) 329, the court held that an inquisition is prima facie evidence of insanity before the contract was made and the burden was cast on the plaintiff to prove that the contract was made during lucid intervals or that the inquisition was erroneous. See, also, Hoyt v. Adee, 3 Lans. (N. Y.) 173, Griswold v. Miller, 15 Barb. (N. Y.) 520, Cook v. Cook, 53 Barb. (N. Y.) 180, Jackson v. Van Dusen, 5 Johns. (N. Y.) 144, 4 Am. Dec. 330.

It would seem that the precise question here involved cannot now arise in this state for the reason that under section 2335 of the Code of Civil Procedure the inquiry must be confined to the competency of the alleged lunatic at the time when the inquisition is taken, the inquisition having no retroactive effect. Matter of Demelt, 27 Hun (N. Y.) 480.

While according full faith and credit to the Pennsylvania inquisition we are by no means convinced that we are under obligation to follow the ruling of the Pennsylvania courts upon a question of evidence relating to the character and weight of the inference to be drawn from such a judgment. It is, however, unnecessary to decide the point, as the courts of the two states seem in substantial accord upon the question. We think that where a person has been adjudged insane at a certain date with lucid intervals until a certain date and without lucid intervals thereafter that a presumption of insanity attaches from the first date mentioned and especially so where the insanity is chronic and progressive in character. The onus is, therefore, upon the party who is depending upon an act of the lunatic, to prove that it was done during a lucid interval.

We do not intend to indicate what course should be taken in the District Court further than to say that should the petitioning creditors desire an opportunity to rebut the presumption of insanity arising from the inquisition, an opportunity should be given them.

The order of adjudication is reversed with costs to the appellant and the case is remanded to the District Court with instructions to take such proceedings not inconsistent with this opinion as it may be advised.