In re KEHLER.

(Circuit Court of Appeals, Second Circuit. June 6, 1908.)

BANKRUPTCY—FRIVOLOUS APPEAL—DISMISSAL.

    Where, on a former appeal, it was determined that if the alleged bankrupt committed the acts of bankruptcy in question while insane the adjudication was wrong, but if the acts were committed while sane it was proper to continue the case, though the bankrupt subsequently became insane, and the case was remanded to give the petitioning creditors an opportunity to rebut the presumption of insanity arising from the inquisition, and on such hearing a number of witnesses testified that he was sane when the acts of bankruptcy were committed, and no evidence to the contrary was offered by the bankrupt's committee, a further appeal by such committee, raising the same question previously determined, would be dismissed as frivolous.

    [Ed. Note.—Appeal and review in bankruptcy cases, see note to In re Eggert, 43 C. C. A. 9.]

Appeal from the District Court of the United States for the Western District of New York.

Guy E. Farquhar, for appellant.

John A. Van Arsdale, for appellees.

Before COXE, WARD, and NOYES, Circuit Judges.

COXE, Circuit Judge. This is a motion by the petitioning creditors and by the receiver to dismiss the appeal of the committee for the bankrupt on the ground that the same is frivolous and was taken for the purposes of delay. The question which the appellant proposes to argue on this appeal was presented by the former appeal, was discussed in the briefs and at the oral argument and was decided by this court. In re Kehler, 159 Fed. 55. In our opinion we said:

    "Should the petitioning creditors desire an opportunity to rebut the presumption of insanity arising from the inquisition, an opportunity should be given them."

It now appears that this question was referred to a special master who, after hearing a number of witnesses, reported that Kehler was

sane when the acts of bankruptcy were committed. This report was confirmed by the District Court and Kehler was again adjudicated a bankrupt. No evidence to establish insanity was offered by the committee although his counsel appeared and cross-examined the witnesses. The only additional fact, therefore, not appearing on the former record, is that the bankrupt was sane when the acts of bankruptcy were committed. The creditors' petition was filed February 22, 1907, and Kehler was not adjudged insane by the Pennsylvania court until March 2, 1907.

The question now presented was decided by us on the former appeal as follows:

"If he (Kehler) committed the acts of bankruptcy alleged in the petition while insane, the adjudication is a wrong which, irrespective of technical objections to the pleadings and proceedings of his committee, should be righted. If, on the other hand, these acts were committed while sane, there was no error in continuing the case even though the bankrupt subsequently became insane. Section 8 of the bankruptcy act [1] provides that the insanity of a bankrupt shall not abate the proceedings, and section 1 provides that the word 'bankrupt' shall include a person against whom an involuntary petition has been filed. It is manifest, therefore, that if Kehler committed an act of bankruptcy while sane, and by reason of such act the court obtained jurisdiction, it can continue the proceedings notwithstanding the subsequent insanity of the bankrupt. * * * The district judge correctly states the proposition as follows: 'True, an insane person cannot commit an act of bankruptcy, but if Kehler was compos mentis at the time the acts were committed, the petition by creditors being filed before he was adjudged insane, I think the court acquired jurisdiction of the proceedings.'"

A comparison of the brief filed in opposition to this motion and the brief presented by counsel for the committee on the former appeal discloses the fact that the two are identical, the same authorities are cited, the same contentions are urged. In fact, the seven pages of the present brief which deal with the question of law are copied verbatim from the former brief. In effect we are asked to listen to a reargument of a question which, after full consideration, we decided less than five months ago. As we see no reason for changing our opinion, the parties should not be subjected to the expense and delay of a second appeal.

The motion to dismiss is granted.

---

[1] Act July 1, 1898, c. 541, 30 Stat. 544, 549 (U. S. Comp. St. 1901, pp. 3418, 3425).