## McCULLY v. STATE.

### Opinion delivered January 12, 1920.

1. CRIMINAL LAW—INSANITY—EVIDENCE.—Upon the issue as to accused's sanity at the time of the alleged commission of an offense, testimony tending to show his mental condition both before and after commission of the act was competent.

2. INSANE PERSONS — INQUISITION OF LUNACY — ADMISSIBILITY.—In criminal cases the record of inquisitions of lunacy or insanity is competent to go to the jury as evidence on that issue, but the weight of such evidence is for the jury.

3. CRIMINAL LAW—REQUESTED INSTRUCTIONS ALREADY COVERED.—It was not error to refuse prayers for instructions fully covered by those given.

Appeal from Pike Circuit Court; *James S. Steel,* Judge; reversed.

*W. S. Coblentz,* for appellant.

1. The court should have admitted the records of the probate court showing defendant's lunacy. 8 R. C. L. 189; 31 Cal. 576; 63 N. Y. 409; 12 Pa. St. 159; 34 Ohio St. 394; 61 Kan. 87; 1 McClain, Cr. Law, 136; 14 R. C. L. 620.

2. The court erred in refusing to give instruction No. 3 for defendant on reasonable doubt. Brickwood-Sackett on Instructions, § 2649, p. 1701; 71 Ark. 291.

3. It was error to refuse No. 4. 32 Ark. 539; 53 *Id.* 180; 51 *Id.* 115; 3 Enc. of Ev., 743.

4. There was prejudicial error in the remarks of the prosecuting attorney. 99 Ark. 558; 107 *Id.* 469.

*John D. Arbuckle,* Attorney General, and *Robert C. Knox,* Assistant, for appellee.

1. It was not error to refuse to admit the county court records as to insanity at some time prior to the trial. 50 Ark. 511. The finding of the county judge was not a judicial proceeding in a court of record and not competent. 42 N. E. 609; 55 N. W. 276; 49 So. Rep. 40; 111 Mass. 308-310.

2. There was no reversible error in refusing the instructions asked, as no exceptions were saved to the court's ruling.

3. No error in closing argument of the prosecuting attorney. Any impropriety was cured by the court's corrections.

WOOD, J. The appellant was convicted of the crime of incest. In the course of the trial the appellant offered to introduce the record of the probate court showing that he had been committed to an insane asylum in July, 1918. The court would not permit such testimony, holding that the "best evidence is to bring in witnesses before the jury and let them testify as to his sanity or insanity."

The appellant duly excepted and objected to the ruling and made this one of the grounds for his motion for a new trial.

To determine the issue as to whether the appellant was insane at the time of the alleged commission of the offense, testimony tending to show the mental condition of the accused both before and after the commission of the act was competent. 1st McClain on Criminal Law, p. 136.

The following from 8 R. C. L., p. 189, section 182, is a correct statement of the law: "When insanity is relied on as a defense to a crime, great latitude is allowed in admitting evidence having any tendency to throw light on the mental condition of the defendant at the time of the commission of the crime. * * * It is competent to go into the mental condition of the prisoner both before and after the commission of the act, for, while insanity is no defense unless it existed at the same time the act was done, still evidence to prove insanity either before or after the act is proper to be weighed by the jury in coming to a conclusion whether insanity existed at the time the act was done." See also 14 R. C. L., p. 620, section 71.

In Eagle v. Peterson, 136 Ark. 72-8, we said: "We think the true rule to be that an adjudication of lunacy is not conclusive, but only *prima facie* evidence." This was held as the rule in a civil case.

In criminal cases the record of inquisitions of lunacy or insanity is competent to go to the jury as evidence on that issue, but the weight of such evidence is for the jury.

In Wheeler v. State, 34 Ohio St. 394, the defendant offered a record from the probate court showing that four years previous to the commission of the alleged crime an inquest had been held in that court, and that he had been adjudged insane and confined in an asylum. See also State v. Murrey, 61 Kan. 87, 8 R. C. L., p. 189, section 182, *supra.*

In 3 Taylor on Evidence, section 1674, says: "In general, a judgment *in rem* furnishes conclusive proof of the facts adjudicated as well against strangers as against parties; but this rule does not extend either to criminal convictions, which are subject to the same rules of evidence as ordinary judgments *inter partes,* or to inquisitions in lunacy, inquisitions *post mortem,* or other inquisitions, which though regarded as judgments *in rem,* so far as to be admissible in evidence of the facts determined against all mankind, are not considered as conclusive evidence. An inquisition in lunacy, for instance, though admissible against strangers, is not conclusive proof of what was the state of mind of the supposed lunatic at the time of the inquiry."

Such inquisitions, it thus appears, are simply received as a part of the evidence for the consideration of the jury, they are not conclusive of the fact adjudged, and the matter is still left open for the jury to determine from all the facts adduced as to whether the prisoner was insane at the time of the alleged offense.

The appellant complains of the ruling of the court in refusing certain of his prayers for instructions, but other instructions given by the court fully covered the propositions of law contained in these prayers.

We find no other reversible error in the record, but for the error indicated the judgment is reversed and the cause remanded for a new trial.