## HALL v. JOHNSTON, Warden.
### No. 8526.

Circuit Court of Appeals, Ninth Circuit.
July 19, 1937.

H. Karl Hall, in pro per.

H. H. McPike, U. S. Atty., and A. J. Zirpoli, Asst. U. S. Atty., both of San Francisco, Cal., for appellee.

Before DENMAN, STEPHENS, and HEALY, Circuit Judges.

DENMAN, Circuit Judge.

This is an appeal from an order denying a petition for a writ of habeas corpus by H. Karl Hall, a prisoner incarcerated at Alcatraz Island, and appearing here forma pauperis.

As to be expected, the petition is somewhat informally drawn, but it substantially presents that the prisoner on or about May 1, 1934, was adjudged insane by the Monroe County West Virginia Lunacy Commission and committed to the Spencer State Hospital for the Insane at Spencer, W. Va., from whose custody he was transported on a stretcher, in a baggage car of a train, to the Western District of Missouri, where a federal indictment was returned against him in the September, 1934, term of the United States District Court for that district.

The petitioner further alleges that at the trial under the indictment, the court, knowing of his insanity, ordered him to be arraigned and to plead without an attorney. The prisoner complains that such conduct on the part of the judge having such knowledge is a violation of the judge's duty and the judgment of conviction ensuing his plea of guilty should be set aside because the acceptance of the plea without the provision of counsel is a denial of due process under the Fifth Amendment to the Constitution. There is also presented the question whether there has been a denial of the assistance of counsel under the Sixth Amendment.

The petition for the writ also raises certain questions, raised in a previous petition for a writ of habeas corpus by the present petitioner, which were considered in the opinion of this court in Hall v. Johnston, 86 F.(2d) 820. While a decision upon a writ of habeas corpus is not res judicata upon the same questions presented in a subsequent petition by the same petitioner for the writ (Salinger v. Loisel, 265 U.S. 224, 230, 44 S.Ct. 519, 521, 68 L.Ed. 989), we are satisfied that we committed no error in the disposition made of the questions discussed in the former appeal.

Here the fact alleged is that the court, having knowledge of the need of the prisoner for counsel to present his defense of insanity, and knowledge that he was claimed to be insane, failed to furnish counsel for the presentation of such defense.

The United States appeared upon the appeal and relied upon the record in the appeal on petitioner's prior petition. This discloses an adjudication of insanity and a commitment to the Spencer State Hospital for the Insane as alleged in the petition on the 1st day of May, 1934. This is sufficient to warrant an inference to overcome the presumption of sanity on the date of his trial in September, 1934. The record also discloses that at that trial the petitioner "upon being arraigned for plea, says he is guilty as charged."

The record does not disclose that the judge had knowledge of a claim of defense on the ground of insanity.

It is this knowledge which is essential to bring the petitioner's case within the decision of Mooney v. Holohan, 294 U.S. 103, 110, et seq., 55 S.Ct. 340, 79 L.Ed. 791, 98 A.L.R. 406. In that case the Supreme Court decides that a petition for habeas corpus, filed after appeal decided and no further remedy by way of error in the prosecution of the case in which it is claimed due process is denied, may compel the consideration of the question whether a District Attorney having knowledge of evidence favorable to the defendant, who failed to present such evidence but suppressed the same, violated his duty and caused the denial of due process to the accused man.

In the Mooney Case, as here, the fact of the knowledge requiring the exercise of a duty on behalf of the prisoner does not appear in the record.

The gravamen of the offense claimed in the Mooney Case is the knowledge resting in the mind of the District Attorney which he failed to exercise in the course of the trial for the benefit of the accused.

Here the charge is that the judge, having knowledge of a condition requiring the presence of counsel for the protection of the accused, failed to exercise that knowledge and proceed upon it to appoint counsel.

If the facts charged by the petitioner be true, we are unable to distinguish the case before us from the decision in Mooney v. Holohan, supra.

There is, of course, the presumption in all such cases that the accused man was sane, and the presumption that the judge and officers of the law properly performed their duties, and the presumption that the record of the case in which he was convicted truly describes the proper performance of the various functions of the officers involved.

The first two presumptions are admittedly rebuttable. Since Mooney v. Holohan there can be no doubt that the last presumption may be rebutted by a showing, outside the record, of an abuse of due process in the failure of a judicial or administrative officer in granting to the prisoner his rights, of which the officer has knowledge, but which the prisoner is then unable to make available for use in his behalf.

In the ordinary criminal proceeding insanity is a defense. The writ of habeas corpus is not available to show that the defense was not waived by a plea of guilty or to raise the question, where there was a trial, and the defense was either waived or decided adversely to the accused.

Hall v. Johnston, supra. Here, however, we have the different element described above.

The District Court should issue an order to the warden to show cause why the writ should not issue. If requested, we suggest the appointment of counsel for the petitioner.

Reversed.