**HALL v. JOHNSTON.**

No. 8882.

Circuit Court of Appeals, Ninth Circuit.

May 2, 1939.

H. Karl Hall, in pro. per.

Stephen M. White, of San Francisco, Cal., amicus curiae.

Frank J. Hennessy, U. S. Atty., and Robert B. McMillan and A. J. Zirpoli, Asst. U. S. Attys., all of San Francisco, Cal., for appellee.

Before WILBUR, GARRECHT, and DENMAN, Circuit Judges.

DENMAN, Circuit Judge.

Appellant, seeking release on a writ of habeas corpus from the District Court, is imprisoned in the custody of the Warden of the United States Penitentiary at Alcatraz Island, California.

The District Court denied the writ and dismissed the petition. On a former appeal (Hall v. Johnston, 9 Cir., 91 F.2d 363) this court reversed the order denying the petition for the writ, holding that the petition sufficiently alleged a conviction by a judge knowing that the prisoner was insane at the time of his plea of guilty and that under Mooney v. Holohan, 294 U.S. 103, 55 S.Ct. 340, 79 L.Ed. 791, 98 A.L.R. 406, he was entitled to offer his proof of that allegation.

Our opinion in that appeal discussed the question of the waiver of right of counsel without the benefit of the decision in Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461, respecting the right in habeas corpus to show that the accused had not "competently and intelligently" made such a waiver.

In conformity with the decision on the appeal, the District Court issued an order to show cause why the writ should not issue, to which the Warden made a return. Thereafter the writ was issued, the petitioner, represented by counsel, and the Warden, represented by the United States Attorney, appeared, evidence both oral and documentary was introduced, the case submitted, the writ ordered dismissed and the petitioner remanded to the custody of the Warden. This appeal followed.

The writ was ordered dismissed by the district judge prior to the decision in Johnson v. Zerbst, supra.

The petition for the writ presents the question of petitioner's want of counsel in the arraignment and plea of guilty in an inartificial allegation in which was combined the claim that, "the trial court was notified at the time of trial that this petitioner was insane and incapable of preparing any defense," and that "the court ordered him to be arraigned and to plead without an attorney * * *."

The court below made no findings on the issues tendered by the petition for the writ. It is admitted by the appellee that neither party presented to that court the question of prisoner's right to counsel in the light of the holding in Johnson v. Zerbst, supra. The attorney for the Warden frankly admits he does not believe it was so considered.

The judgment upon which the appellant was sentenced contains the statement that "defendant in his own proper person, and upon being arraigned for plea says he is guilty (Sec. 753J [753j], T. 18 U.S.C.A.) of aiding and abetting escape of convicts from Federal Prison, as charged * * *." It thus appears that appellant did not enjoy the assistance of counsel for his defense, and permits the contention that he did not "competently and intelligently" waive his constitutional right.

Deputy United States Marshal Robert Pullian testified as follows:

"I recollect that Judge Reeves asked the defendant, H. Karl Hall if he desired the court to appoint an attorney for him. I remember that the defendant stated to Judge Reeves that he was an attorney himself and that he would represent himself and did not desire the court to appoint an attorney. I further remember that the defendant made quite an extended plea to the court for leniency and appeared to be a good talker. * * *

"It was my understanding that when he committed the offenses charged in the indictment that he represented to the officials that he was an attorney and that he had an attorney's brief case but I do not know in fact whether he is an attorney. I know he represented to Judge Reeves that he was an attorney."

With reference to this matter the appellant, in a reply filed herein, stated as follows:

"It is very probable that this appellant did make this statement at his trial, because that is one of the insane delusions under which he was suffering at that time. The appellant also told the officials at the Springfield, Missouri hospital at the time the alleged crime was committed that he was 'Judge Harlan' (That is where the district attorney got the alias to put in said indictment). The appellant told other parties that he was Daniel Webster, Patrick Henry, or Clarence Darrow. (That is one of the reasons he was adjudged insane. It would have been just as easy for the trial court to have ascertained that the appellant was not an attorney as to have made sure he was not 'Judge Harlan, Daniel Webster, Patrick Henry, or Clarence Darrow'. When the trial judge asked the appellant if he had anything to say why sentence should not be passed upon him, he replied under his Patrick Henry delusion, 'Yes, Your honor, I know not what course others may take but as for me, give me liberty or give me death.' In the affidavit submitted by the respondent from District Attorney Hubbel the latter states that this was 'a very fine statement, very intelligent statement'."

It is thus apparent that the appellant concedes that he waived counsel but claims that he was not competent to do so. In view of the fact that the trial court did not expressly pass upon the mental capacity of the appellant at the time he waived counsel, the case is remanded to the trial court for findings as to whether or not the appellant was of sufficiently sound mind at the time of his arraignment to understand that he was waiving his right to the assistance of counsel.

Remanded for findings.