### NIVENS v. HUDSPETH, Warden.
### No. 1865.

Circuit Court of Appeals, Tenth Circuit.
July 17, 1939.

Elmer Brock, Jr., of Denver, Colo., for appellant.

Summerfield S. Alexander, U. S. Atty., and Homer Davis, Asst. U. S. Atty., both of Topeka, Kan., for appellee.

Before LEWIS, PHILLIPS, and BRATTON, Circuit Judges.

LEWIS, Circuit Judge.

This is an appeal from an order denying a petition for writ of habeas corpus.

On October 2, 1936, an indictment was returned against petitioner Nivens and James A. Lovvorn in the United States District Court for the Northern District of Texas containing four counts. The first three counts each charged them with passing counterfeited obligations of the United States, and the fourth count charged conspiracy to pass counterfeited obligations of the United States. Defendants were found guilty on all four counts, and were sentenced to serve a term of seven years on each of the first three counts and two years on the fourth count, sentences to run consecutively.

Petitioner attacks the validity of the judgment and sentence on the ground that he was denied the right to have the assistance of counsel for his defense. It is alleged in the petition that petitioner requested that counsel be appointed by the court but no counsel was provided as required by the Constitution of the United States, Amendment 6, U.S.C.A.; that the court, upon request of petitioner, designated W. E. Martin, an attorney of Abilene, Texas, who was representing the codefendant, James Lovvorn, but said Martin refused to represent petitioner and at no time represented him in the process of the trial. Petitioner set forth in his petition a copy of an affidavit by W. E. Martin as follows:

"This man (petitioner) was tried for the offense in connection with possessing and passing counterfeit money, October 14, 1936, at Abilene, jointly with one James Lovvorn.

"I was retained by, and represented Lovvorn, but I did not represent Nivens and took no part in his defense. Nivens interrogated, for himself, the witnesses at the trial. I do not recall if Nivens made an argument to the jury in his own behalf, but it occurs to me that he did.

"I made no argument in his behalf, except so far as a discussion of the evidence, some of which pertained to both defendants, was necessarily applicable to both defendants."

A copy of an affidavit by one W. J. Williams, a juror, is also set forth in the petition. He stated:

"Defendant Lovvorn was represented by W. E. Martin, an attorney of Abilene. Nivens conducted his own defense, interrogated for himself, the witnesses. The attorney representing Lovvorn took no part in the defense of Nivens, and made no argument in Nivens' behalf, except so far as his discussion of the evidence, some of which pertained to both defendants, was necessarily applicable to both defendants."

Three other affidavits were filed in this court by petitioner as exhibits to his brief, and they are not a part of the record. Two of the jurors state they did not hear petitioner request the court to appoint counsel for him. The third has no recollection as to that.

Petitioner was represented by an attorney at the hearing in the court below on his petition for writ of habeas corpus. Certified copies of the indictment, the judgment and sentence, the commitment with return of the Marshal, and affidavits by the judge who tried the case, the United States Attorney and his assistant were received in evidence without objection.

The United States Attorney for the Northern District of Texas stated in his

affidavit that he participated in the trial of Nivens and Lovvorn on October 14, 1936, before Hon. T. Whitfield Davidson, United States District Judge, upon the indictment above described, which resulted in the conviction of both defendants on all counts; that some few minutes before this case was called for trial, he talked to the defendant, Claud Nivens, in his office in the federal building, Abilene, Texas.

"Affiant asked him if he had counsel; he said he did not; he said he did not wish any counsel. Defendant stated he was guilty, but that his codefendant, James A. Lovvorn, was not. * * * The case was called a few minutes later and both Lovvorn and Nivens entered a plea of not guilty. The Court asked the defendant Nivens if he had counsel, and he said he had none; whereupon the Court appointed Mr. W. E. Martin, attorney of Abilene, who was representing the codefendant, James A. Lovvorn, and the defendant Nivens announced that he did not want any counsel; that he would handle his own case. This defendant did conduct his own case and did a good job. He asked various questions and testified in his own behalf and in fact entered a plea of guilty when he got on the witness stand and attempted to assume all responsibility for his codefendant in an effort to acquit him.

" * * * His conduct in this case indicated that he is fairly well versed in court procedure with reference to criminal cases. I was convinced that the defendant entered his plea of not guilty in order that he might take the witness stand and assume all responsibility in an effort to acquit his codefendant, as we have a rule in this district where a codefendant enters a plea of guilty, he cannot testify on behalf of his codefendant. Nivens knew this, as well as Lovvorn and his counsel. This defendant received a fair trial."

The assistant United States Attorney stated in his affidavit that he was present in court when the case against Nivens and Lovvorn was called, and that he assisted in the trial; that at the time of arraignment the court was advised that Nivens was not represented by counsel; that the court stated he would appoint W. E. Martin as counsel for Nivens; that Nivens immediately informed the court that he did not desire the assistance of counsel, but that he would conduct his own defense; and that during the trial Nivens took the stand after being advised he did not have to testify.

Judge Davidson in his affidavit stated he remembered trying the case of United States v. James A. Lovvorn and Claud Nivens; that Lovvorn was represented by counsel of his own selection, and that Nivens preferred to represent himself; that Nivens made it clear to the court that he had more faith in his ability to take care of his case than he would have in a lawyer appointed by the court, and that he waived counsel; that he remembered the case because Nivens predicated his entire defense upon the theory that the Government's witnesses would not identify him, but they did identify him most positively; that he made it a rule to appoint counsel where he thinks a defendant is not capable of waiving counsel intelligently or where a defendant requests counsel; and that he will not permit a defendant to plead guilty where he suspects the defendant has been influenced by any person in reaching that decision.

■ The validity of a judgment and sentence may be attacked in a habeas corpus proceeding on the ground that the accused was denied his constitutional right to have the assistance of counsel for his defense, but on collateral attack the judgment carries with it a presumption of regularity and may not be lightly set aside. The burden is upon petitioner to convince the court by a preponderance of the evidence that he did not competently and intelligently waive that right. Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461; Zahn v. Hudspeth, 10 Cir., 102 F.2d 759; Buckner v. Hudspeth, 10 Cir., 105 F.2d 396, decided June 20, 1939.

■ Petitioner alleged that no counsel was appointed to defend him as he requested, and that W. E. Martin, who represented Lovvorn, refused to represent petitioner although he was appointed by the court. It is significant that Mr. Martin's affidavit set forth in the petition does not substantiate petitioner's allegations,—he simply states that he represented Lovvorn and petitioner represented himself at their trial. The affidavit of juror W. J. Williams, also incorporated in the petition, is to the same effect. Mr. Martin would have special knowledge of the facts, if he had refused to represent petitioner. On the other hand, it forcibly appears from the statements of the trial judge, the United States Attorney and

his assistant that the petitioner declined the assistance of counsel and intelligently waived his right thereto, and that he insisted upon representing himself. The court below did not err in determining that petitioner failed to sustain the burden of proof.

The practice of making a preliminary inquiry to determine the propriety of issuing the writ of habeas corpus has been approved. Ex parte Yarbrough, 110 U.S. 651, 4 S.Ct. 152, 28 L.Ed. 274; Murdock v. Pollock, 8 Cir., 229 F. 392; Zahn v. Hudspeth, 10 Cir., 102 F.2d 759.

The order denying the petition for the writ is affirmed.