### FRAME v. HUDSPETH, Warden.
### No. 1966.

Circuit Court of Appeals, Tenth Circuit.
Dec. 22, 1939.

Rehearing Denied Feb. 2, 1940.

Edward Miller, of Denver, Colo., for appellant.

Homer Davis, Asst. U. S. Atty., of Topeka, Kan. (Summerfield S. Alexander, U. S. Atty., of Topeka, Kan., on the brief), for appellee.

Before PHILLIPS, BRATTON, and HUXMAN, Circuit Judges.

HUXMAN, Circuit Judge.

Appellant, seeking release on a writ of habeas corpus from the District Court for the District of Kansas, is imprisoned in the Federal Penitentiary at Leavenworth, Kansas. The District Court denied the writ and dismissed the petition. From this order an appeal has been taken to this court.

Four separate indictments were returned against petitioner in the Western District of Oklahoma, each charging a separate violation of the Dyer Act, 18 U.S. C.A. § 408. Petitioner was arraigned, entered a plea of guilty to each indictment and was sentenced to five years in the penitentiary. The sentences ran concurrently.

In his petition for the writ, petitioner alleges that he was deprived of his constitutional rights by being denied the aid of counsel. This issue was presented to the trial court below upon the pleadings and upon affidavits adduced by both the petitioner and the respondent. The trial court resolved the issues against petitioner and in favor of the respondent by a specific finding that petitioner was advised of his right to have counsel for his assistance before he entered his plea of guilty to the indictments, but that petitioner informed the Assistant United States Attorney that he did not desire to have counsel appointed, but desired to enter a plea of guilty.

Petitioner, however, contends that he could not enter a plea of guilty and could not intelligently waive his constitutional right to be represented by counsel for the reason that he had been adjudicated an insane person by a court of competent jurisdiction and had been committed to a hospital for the insane in Colorado. Peti-

PHILLIPS, Circuit Judge, dissenting from order denying petition for rehearing.

———◆———

tioner was adjudged to be insane on the 23rd day of December, 1935, and was committed to the Colorado State Hospital. He was received at that institution on the 27th day of December, 1935. He escaped therefrom on the 26th day of January, 1936, but was not discharged as restored until January 26, 1938. It was after he had escaped from the institution and before his discharge on January 26, 1938, that the crimes for which he was indicted were committed. He waived his right to counsel and pleaded guilty to the offenses on the 6th day of March, 1937.

Where one is charged with the commission of an offense and is tried therefor, there is a presumption that the proceedings were regular and in conformity with law. Nivens v. Hudspeth, 10 Cir., 105 F.2d 756; Zahn v. Hudspeth, 10 Cir., 102 F.2d 759; Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461. Also, it is presumed that the accused is sane. The presumption of sanity continues until overcome by evidence. Lee v. United States, 5 Cir., 91 F.2d 326; Hall v. Johnston, 9 Cir., 91 F.2d 363; Id., 9 Cir., 103 F.2d 900; State v. Green, 78 Utah 580, 6 P.2d 177.

When, however, it is once established that a person has been legally adjudged mentally incompetent, the presumption of sanity no longer prevails; in its place there arises a presumption of lack of mental capacity, and the burden of proving mental capacity devolves upon him who asserts it. Whitney v. Zerbst, 10 Cir., 62 F.2d 970; Daly v. United States, 7 Cir., 33 F.2d 443; In re Kehler, 2 Cir., 159 F. 55; State v. McMurry, 61 Kan. 87, 58 P. 961; Cubbison v. Cubbison, 45 Ariz. 14, 40 P.2d 86; State v. Green, supra.

The record shows that when the petitioner was arraigned on the indictments, the Assistant United States Attorney called the court's attention to the fact that petitioner had been committed to a hospital for the insane in Colorado; that the Judge thereupon had a lengthy conversation with petitioner, in the course of which petitioner was informed that he was entitled to a trial and entitled to the services of a lawyer and that the court would appoint one if he so desired; and that the petitioner again replied that he desired to plead guilty.

The record is silent as to any specific finding by the court as to the mental capacity of petitioner at the time he pleaded guilty. It was the court's duty, after having called to his attention the fact that the prisoner at the bar had been adjudged insane and had been an inmate of an insane asylum, to make a finding as to the mental condition of the accused. Hall v. Johnston, supra. In the absence of any such finding, the proceedings at the time of trial cannot be sustained.

The question of the mental capacity of petitioner at the time he pleaded guilty was one of the issues submitted to the court below in the habeas corpus proceedings. Affidavits were adduced by petitioner and by the respondent. The respondent introduced affidavits showing that the Assistant United States Attorney talked to petitioner before he pleaded guilty and informed him that he was entitled to a trial and that the court would appoint an attorney for him; that the petitioner stated that he did not want to be tried; that he wanted to plead guilty; that when the court's attention was called to petitioner's incarceration in a hospital for the insane, the judge engaged in a lengthy conversation with petitioner and informed him that he was entitled to a trial and entitled to a lawyer and that the court would appoint an attorney to defend him if he so desired; that the petitioner again repeated his desire to plead guilty.

Petitioner introduced the affidavits of two fellow prisoners who testified that they were present and heard petitioner ask for the aid of an attorney before entering a plea of guilty, whereupon petitioner was advised that if he entered a plea of guilty he was not entitled to the services of counsel; that they heard petitioner, thirty minutes after being sentenced, ask the marshal to take him before the judge; that petitioner stated he wished to withdraw his plea; and that the marshal refused.

The case of Hall v. Johnston, supra, was remanded with directions to the trial court to make a finding as to the mental capacity of the petitioner at the time he entered his plea of guilty. That case differs from this, however, in that there the trial court made no findings on the issue of mental capacity, but simply dismissed the writ. Here the court specifically found that petitioner was informed as to his right to have counsel for his assistance before he entered his plea of guilty to the indictments, but that he in-

formed the prosecuting attorney that he did not' desire to have counsel appointed, but desired to enter a plea of guilty; that on March 6, 1937, petitioner voluntarily, freely, intelligently, competently and understandingly entered his plea of guilty to the indictments. This is equivalent to a finding that petitioner possessed sufficient intelligence and understanding to know his rights and to waive them and plead guilty. These findings are supported by competent testimony and cannot be overturned on appeal.

The judgment of the trial court is affirmed.

On Petition for Rehearing.

Rehearing denied.

PHILLIPS, Circuit Judge (dissenting).

On December 23, 1935, the petitioner, Frame, was adjudged insane in the county court of Prowers County, Colorado, and committed to the Colorado State Hospital. He was received at the hospital on December 27, 1935, and escaped therefrom on January 26, 1936. On March 3, 1937, four indictments charging federal offenses were returned against him in the United States District Court for the Western District of Oklahoma and he entered pleas of guilty to three indictments on March 6, 1937, and to the other indictment on March 12, 1937. Thereafter, on January 26, 1938, a formal order discharging him from the hospital was entered.

At the hearing on the petition for a writ of habeas corpus, petitioner introduced a certified copy of the order adjudging him insane, and proof that he was received at the Colorado State Hospital on December 27, 1935, that he escaped therefrom on January 26, 1936, and that he was not formally discharged therefrom until January 26, 1938. General insanity, once proved to exist, is presumed to continue until the contrary is shown.[1]

The proof of insanity on December 23, 1935, aided by the presumption, was prima facie evidence that petitioner was insane at the time he entered his pleas of guilty and respondent introduced no proof to the contrary. At the time the pleas of guilty were entered the fact that petitioner had been adjudged insane was called to the attention of the presiding judge and he questioned the petitioner at length but made no

affirmative finding of sanity. While the trial court found that petitioner competently and understandingly entered his pleas of guilty, it is my view that this finding is not supported by the evidence.

It is my conclusion, therefore, that the judgment should be reversed and the cause remanded with instructions to make full inquiry into the mental status of the petitioner at the time he entered the pleas of guilty.

For the reasons indicated, I respectfully dissent from the order of the court denying the petition for rehearing.

---

[1] In re Kehler, 2 Cir., 159 F. 55, 57. See, also, Hall v. Johnston, 9 Cir., 91 F.2d 363, 364.