## ODOM v. ADERHOLD, Warden.

### No. 2114.

Circuit Court of Appeals, Tenth Circuit.

Oct. 16, 1940.

Richard Downing, of Denver, Colo., for appellant.

Summerfield S. Alexander, U. S. Atty., and Homer Davis, Asst. U. S. Atty., both of Topeka, Kan., for appellee.

Before PHILLIPS, HUXMAN, and MURRAH, Circuit Judges.

HUXMAN, Circuit Judge.

William Henry Odom, herein called Petitioner, complains of the judgment of the trial court denying his application for a writ of habeas corpus. From the record it appears that petitioner was indicted April 20, 1934, in the District Court of the United States for the Southern District

of New York in Case C96–171, in an indictment containing nine counts which charged him with violations of the Harrison Narcotics Act, Sec. 703, 44 Stat. 96, Sec. 2, 38 Stat. 786, 26 U.S.C.A. Int.Rev. Code §§ 2550 et seq., 3220 et seq.; and the Narcotic Drugs Import and Export Act of 1909, Sec. 2, 35 Stat. 614, as amended in 1914, 1922, and 1924, 21 U.S.C.A. §§ 173, 174. On April 27, 1934, he entered his plea of guilty and was sentenced to serve a term of three years on each of Counts 3, 6 and 9, the sentences to run concurrently. The court suspended imposition of sentence on Counts 1, 2, 4, 5, 7 and 8, and placed petitioner on probation for five years on these counts. August 17, 1936, petitioner was released conditionally by the United States Board of Parole. On November 19, 1936, he was indicted a second time in Case C99–214 in one count and was again charged with the violation of the Narcotic Drugs Import and Export Act, 21 U.S.C.A. §§ 173, 174. November 24, 1936, a petition for revocation of probation granted in case C96–171 was filed. A warrant was issued to show cause why probation should not be revoked. On December 30, 1936, probation granted petitioner in Case C96–171 on Counts 1, 2, 4, 5, 7 and 8 was revoked and he was sentenced in that case to a term of five years on Count 1 and one day each on Counts 2, 4, 5, 7, and 8, the sentences on these counts to run consecutively with the sentence on Count 1. On the same day petitioner entered his plea of guilty in Case C99–214 and was sentenced to serve a term of five years, this sentence to run concurrently with the sentence imposed in Case C96–171. A commitment was issued in both cases and petitioner was delivered into the custody of appellee on February 8, 1937.

On March 26, 1937, a parole violator's warrant was issued for petitioner for violation of his conditional release theretofore granted in Case C96–171. This warrant has been lodged as a detainer with the government for the arrest and apprehension of petitioner when he has fully served the sentence imposed December 30, 1936, in Cases C96–171 and C99–214.

■ Petitioner complains that he was arrested without a warrant and also that no new indictment was filed against him. The record does not sustain this complaint. It affirmatively appears that an indictment was returned both in Case C96–171 and C99–214. It also affirmatively appears that a parole violator's warrant was issued for the violations of his conditional release on the counts on which he was originally sentenced in Case C96–171, and that he was taken into custody under this warrant.

■ Petitioner next complains that he was twice sentenced on one count. Neither in the application for the writ nor in the record is it pointed out with any degree of particularity wherein he was twice sentenced on the same count. A careful examination of the record fails to establish any facts supporting this charge.

And, lastly, petitioner complains that he was denied the right of counsel. It is established by the record that petitioner was represented by counsel at the time he entered his plea of guilty in Case C99–214. The record is silent as to any request made for counsel by petitioner in Case C96–171.

■ The constitutional right of accused to be represented by counsel may be waived, and the burden rests upon the petitioner to establish that he did not competently and intelligently waive this constitutional right. Whether there has been an intelligent waiver of the right of counsel depends upon the particular circumstances and surroundings in each case. Johnson v. Zerbst, 304 U.S. 458, 464, 468, 58 S.Ct. 1019, 82 L.Ed. 1461. The waiver of the right will ordinarily be implied where the accused appears without counsel and fails to request that counsel be assigned to him. Buckner v. Hudspeth, 10 Cir., 105 F.2d 396; Nivens v. Hudspeth, 10 Cir., 105 F.2d 756; Zahn v. Hudspeth, 10 Cir., 102 F.2d 759.

A careful examination of the record fails to reveal that petitioner was denied any of his constitutional rights.

The order denying the petition for writ of habeas corpus is affirmed.