**NIVENS v. HUDSPETH, Warden.**

No. 2468.

Circuit Court of Appeals, Tenth Circuit.

May 11, 1942.

Robert M. Rainey, Jr., of Oklahoma City, Okl., for appellant.

Homer Davis, Asst. U. S. Atty., of Topeka, Kan. (Summerfield S. Alexander, U. S. Atty., of Topeka, Kan., on the brief), for appellee.

Before PHILLIPS, HUXMAN, and MURRAH, Circuit Judges.

HUXMAN, Circuit Judge.

Petitioner, Claud Nivens, has appealed from a decision of the District Court of the United States for the District of Kansas denying his application for writ of habeas corpus, by which he seeks release from the federal penitentiary at Leavenworth, Kansas, where he is confined under judgment and sentence of conviction from the District Court of the United States for the Northern District of Texas. The ground on which he seeks release is that he was denied his constitutional right to have the effective aid of competent counsel at the time of his trial. This is the second appearance of petitioner in this court. See Nivens v. Hudspeth, 10 Cir., 105 F.2d 756.

Petitioner testified at the hearing in the court below that he requested the court to appoint counsel to represent him at the time of trial, but that the court refused, and that he was compelled to go to trial without the effective aid or assistance of counsel.

The following, together with other evidence, was offered by the respondent to establish the regularity of the proceedings at the trial at which petitioner was convicted: Clyde H. Hood, an Assistant United States District Attorney who participated in the trial, testified that he knew that Nivens waived his right orally, in open court, to the assistance of counsel. Clyde Eastus, District Attorney, testified that Nivens stated that he did not desire an attorney to represent him. The Honorable T. Whitfield Davidson, trial judge, testified that he appointed a Mr. Martin, an attorney who represented a co-defendant, to represent Nivens, but that Nivens stated that he did not want the assistance of counsel but preferred to represent himself. This evi-

dence is sufficient to sustain the findings and judgment of the lower court. It is not necessary to encumber the record with a detailed recital of other testimony tending to support the judgment.

Neither would any useful purpose be served by again delineating and setting out in detail the proper function and purpose of a writ of habeas corpus in a proceeding such as this. Nor would it serve any useful purpose to again set out and discuss in detail the questions that may be raised thereby. The record amply sustains the findings and judgment of the trial court.

Affirmed.