**FENTON v. ADERHOLD, Warden.**
No. 6034.

Circuit Court of Appeals, Fifth Circuit.
Nov. 19, 1930.

Albert H. Fenton, in pro. per.

Clint W. Hager, U. S. Atty., and Hal Lindsay, Asst. U. S. Atty., both of Atlanta, Ga., for appellee.

Before BRYAN, FOSTER, and WALKER, Circuit Judges.

FOSTER, Circuit Judge.

This is an appeal from a judgment dismissing a petition for a writ of habeas corpus.

The material allegations of the petition, in substance, are that appellant was convicted in the United States District Court for the Southern District of Ohio on a plea of guilty for a violation of the Dyer Act and sentenced to the Federal penitentiary in Atlanta, Georgia; that petitioner does not remember pleading guilty; and that at the time of the trial he was insane and did not know what he was doing. Exhibits attached to the petition tend to show that after his incarceration in the penitentiary the petitioner was insane and was sent to the St. Elizabeth's Hospital at Washington, D. C., for observation and treatment and was cured of his temporary insanity and returned to the penitentiary.

Appellant contends that the court was without jurisdiction to try him and therefore his present incarceration is illegal. If he were insane at the time of the commission of the act and when tried, that was a question to be considered by the trial court. It was a matter of defense and the court had jurisdiction to decide it. No plea of insanity was interposed, and undoubtedly the court had jurisdiction over both the offense and the person of the petitioner. It is well settled that a writ of habeas corpus cannot be made to take the place of a writ of error and the inquiry is limited as to whether the trial court had jurisdiction and imposed a legal sentence. The conduct of the trial cannot be inquired into collaterally on habeas corpus. Ex parte Parks, 93 U. S. 18, 23 L. Ed. 787; In re Eckart, 166 U. S. 481, 17 S. Ct. 638, 41 L. Ed. 1085; Harlan v. McGourin, 218 U. S. 442, 31 S. Ct. 44, 54 L. Ed. 1101, 21 Ann. Cas. 849; Charlton v. Kelly, 229 U. S. 447, 33 S. Ct. 945, 57 L. Ed. 1274, 46 L. R. A. (N. S.) 397.

The record presents no reversible error. Affirmed.