## HAHN v. UNITED STATES.
### No. 3934.

United States Court of Appeals
Tenth Circuit.
Nov. 2, 1949.

David J. McKee, Denver, Colo., for appellant.

Thomas A. Gilliam, Asst. U. S. Atty., Denver, Colo. (Max M. Bulkeley, U. S. Atty., and Joseph N. Lilly, Asst. U. S. Atty., Denver, Colo., were with him on the brief), for the United States.

Before PHILLIPS, Chief Judge, and BRATTON and MURRAH, Circuit Judges.

PHILLIPS, Chief Judge.

This is an appeal from an order denying a motion made under 28 U.S.C.A. § 2255 to vacate a sentence of imprisonment.

On April 16, 1948, Hahn was charged by an indictment containing four counts with violations of 18 U.S.C.A. § 73 [now § 495]. On September 28, 1948, he was arraigned and pleaded not guilty to each count. On October 14, 1948, Hahn appeared in person and with his counsel and informed the court that theretofore he had been in a mental institution in the state of New York on two separate occasions, and requested a mental examination. The trial court committed Hahn to the Federal Correctional Institution at Englewood, Colorado, for observation, examination, and report. Thereafter, a report was made to the court by Doctor Pasquale J. Ciccone, a psychiatrist at the Institution. The report set forth that Hahn had been examined and observed by Doctor Ciccone and stated that Hahn was not insane. Thereafter, Hahn appeared in person and by counsel and entered pleas of guilty on each count of the indictment and was sentenced to imprisonment for a period of two years.

While the record discloses no formal finding by the court of sanity, the court stated, before imposing the sentence, that he had given consideration to the report of Doctor Ciccone.

■ Section 2255, supra, does not enlarge the class of attacks which may be made upon a judgment of conviction. It is limited to matters that may be raised by collateral attack. It is only where the judgment was rendered without jurisdiction, the sentence imposed was not authorized by law, or there was such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, that a motion to vacate will lie under this section.[1]

■■ While insanity, in the sense that term is used in the criminal law, at the time the criminal act was done may be asserted as a defense to the criminal charge and present insanity may be asserted as a bar to trial on such charge, the issues with respect to such a defense or bar are for the determination of the court having jurisdiction of the criminal offense. A judgment of conviction may not be collaterally attacked on the ground that the prisoner was insane either at the time of the commission of the offense or at the time of conviction.[2]

■ Frame v. Hudspeth, 10 Cir., 109 F.2d 356, reversed, 309 U.S. 632, 60 S.Ct. 712, 84 L.Ed. 989, is distinguishable from the instant case. There, the defendant waived counsel and entered a plea of guilty. The issue was whether he had competently waived counsel. There was proof that Frame had been adjudged insane in the county court of Prowers County, Colorado, and committed to the Colorado State Hospital, and there was no countervailing proof to overcome the presumption arising from such adjudication. Here, Hahn was represented by counsel and the report of the psychiatrist was to the effect that Hahn was sane and the court gave consideration to that report before imposing sentence. Furthermore, the record of the proceedings on the motion to vacate shows that while Hahn was confined in a New York penal institution, on July 19, 1930, he was transferred by the prison authorities to the Dannemora State Hospital; that he was discharged February 18, 1932, and returned to the New York Reformatory at Elmira; that he was again transferred to the State Hospital on May 17, 1932, and discharged on January 27, 1933, and transferred to the New York Clinton Prison to complete his sentence. There is nothing to indicate that he was ever adjudged insane by a court of competent jurisdiction.

Affirmed.

BRATTON, Circuit Judge, concurs in the result.

1. Hurst v. United States, 10 Cir., 177 F.2d 894.

2. Whitney v. Zerbst, 10 Cir., 62 F.2d 970, 972; McMahan v. Hunter, 10 Cir., 150 F.2d 498, 499; Whalchel v. McDonald, 5 Cir., 176 F.2d 260, 262; Fenton v. Aderhold, 5 Cir., 44 F.2d 787, 788.