**HALLOWELL v. HUNTER, Warden.**

**No. 4191.**

United States Court of Appeals
Tenth Circuit.

Jan. 26, 1951.

Silvio H. Bottone, Denver, Colo., filed a brief for appellant.

Lester Luther, U. S. Atty., and Malcolm Miller, Asst. U. S. Atty., Topeka, Kan., filed a brief for appellee.

Before PHILLIPS, Chief Judge, and HUXMAN and PICKETT, Circuit Judges.

PHILLIPS, Chief Judge.

This is an appeal from an order denying an application by Hallowell for a writ of habeas corpus.

Attached to the application was an order entered in the United States District Court for the Eastern District of Texas, Sherman Division, on May 19, 1950, in the case of United States v. Hallowell, Criminal No. 1087, reading as follows:

"Upon this day came on to be considered the motion to vacate judgment and sentence in the above entitled matter, and it appearing from the record of the court that the defendant upon being asked whether or not he desired an attorney to represent him in connection with such charges, indicated that he did not desire an attorney.

"It further appearing that the defendant made an intelligent and voluntary waiver of his right to be represented by an attorney.

"It is accordingly ORDERED that said motion to vacate judgment and sentence be and the same is hereby denied."

However, the application made no reference to the order and contains no allegation with respect to such order, the motion referred to in the order, the grounds for relief set up in such motion, or the action of the court thereon.

As grounds for the writ Hallowell alleged that at the trial of the criminal charge he did not have the assistance of counsel for his defense; that he was unaware and ignorant of his constitutional right to the assistance of counsel; that he did not competently and intelligently waive his right to the assistance of counsel for his defense, and that on June 13, 1949, he was adjudged insane and committed to the Central State Hospital for the Insane by the District Court of Oklahoma County, Oklahoma, but that the sentencing court was unaware of such adjudication.

The lower court denied the application for the writ on the ground that it did not allege facts showing that the remedy by motion under 28 U.S.C.A. § 2255 was inadequate and ineffective to test the legality of Hallowell's detention.

Section 2255 provides that an application for a writ of habeas corpus by a prisoner who is authorized to apply for relief by motion under § 2255, "shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."

In his brief, counsel for Hallowell asserts that the issue is the mental incompetency of Hallowell to waive his right to counsel and that the adjudication of insanity was not brought to the attention of the sentencing court and was never considered by it.

In Pulliam v. United States, 10 Cir., 178 F.2d 777, 778, we said: "Section 2255, supra, does not give a prisoner the right to obtain a review, first by the court which imposed the sentence and then on appeal from a denial of a motion to vacate, of errors of fact or law that must be raised by timely appeal. It does not enlarge the class of attacks which may be made upon a judgment of conviction, but provides that the attack must be made in the court where the sentence was imposed and not in some other court through resort to habeas corpus, unless it appears that the remedy by motion is inadequate. While the nature of the attack is direct, the grounds therefor are limited to matters that may be raised by collateral attack."

Generally, a judgment of conviction may not be collaterally attacked on the ground that the defendant was insane either at the time of the commission of the offense or at the time of his trial and conviction. Hahn v. United States, 10 Cir., 178 F.2d 11, 12, and cases there cited. However, where a prisoner by motion under § 2255 seeks to vacate a sentence upon the ground that the prisoner did not have the assistance of counsel for his defense at the trial on the charge on which he was convicted and sentenced and that he did not competently and intelligently waive his right to counsel, he may properly allege that he lacked mental capacity to competently and intelligently waive counsel at the time of the purported waiver and that he had theretofore been adjudged insane by a state court and he may offer the judgment adjudicating him insane as evidence in support of the motion. See Frame v. Hudspeth, 10 Cir., 109 F.2d 356, dissenting opinion, and, Id., 309 U.S. 632, 60 S.Ct. 712, 84 L.Ed. 989. We hold, however, that an application for a writ of habeas corpus on such grounds should not be entertained where the sentencing court denied the applicant relief under § 2255 and the

applicant failed to allege facts in his application for the writ showing that the remedy by motion under § 2255 was inadequate or ineffective to test the legality of applicant's detention.[1]

Affirmed.

---

1.  Barrett v. Hunter, 10 Cir., 180 F.2d 510, 516.