**MELSON v. STEELE.**

No. 8591.

United States District Court
W. D. Missouri.

Sept. 5, 1953.

---

George Edward Melson, pro se.

REEVES, Chief Judge.

The petitioner seeks to proceed in forma pauperis in an application for a writ of habeas corpus.

The sole ground of his application is that he was sentenced by the district court in the District of Colorado while insane or incompetent and that the judge was advised of that fact. He alleges furthermore that he has applied to the court by a motion to set aside and vacate the claimed erroneous judgment.

1. The application to proceed in forma pauperis does not comply with the statute and is wholly insufficient.

2. An examination of the petition or complaint shows that facts are not stated as contemplated by statute for habeas corpus. The statute provides (see section 2242 Title 28 U.S.C.A.):

"It (the application) shall allege the facts concerning the applicant's commitment or detention, * * *."

The applicant in this case merely states as a conclusion that he was incompetent and although he had an attorney, yet a plea of guilty was erroneously entered. His complaint is that the judge was advised of his incompetency but permitted the plea to stand and imposed sentence nevertheless.

3. The petitioner relies on the provision of Section 2255, Title 28 U.S.C.A. This section specifically provides that, in cases such as this, a motion for relief may be made at any time and that such motion must be made to the court imposing the sentence. It is then provided as follows:

"An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion, pursuant to this section, *shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*" (Italics mine.)

A record submitted by the petitioner shows that he filed such motion and following an adverse ruling he sought to appeal in forma pauperis but was denied the right on the ground that "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." Such was the finding of the court on his motion to vacate the judgment and sentence. This is conclusive upon this court and made so by express statute.

4. In the case of Andersen v. Treat, 172 U.S. 24, loc. cit. 29, 19 S.Ct. 67, at page 69, 43 L.Ed. 351 the Supreme Court, speaking through the revered Chief Justice Fuller, said, in relation to the contents of an application for a writ of habeas corpus:

"The petition was insufficient in not setting forth the proceedings, or the essential parts thereof, * * *."

5. And it was ruled by the 10th Circuit Court of Appeals in Hahn v. United States, 178 F.2d 11, loc. cit. 12 that:

"While insanity, in the sense that term is used in the criminal law, at the time the criminal act was done may be asserted as a defense to the criminal charge and present insanity may be asserted as a bar to trial on such charge, the issues with respect to such a defense or bar are for the determination of the court having jurisdiction of the criminal offense. A judgment of conviction may not be collaterally attacked on the ground that the prisoner was insane either at the time of the

commission of the offense or at the time of conviction."

Mr. Chief Justice Fuller, in Andersen v. Treat, supra, 172 U.S. loc. cit. 31, 19 S. Ct. at page 70, used practically the same language, as follows:

"The general rule is that the judgment of a court having jurisdiction of the offense charged and of the party charged with its commission is not open to collateral attack."

Section 2255, supra, relied on by the appellant is to the same effect.

It would follow that the application of the petitioner to sue in forma pauperis should be denied, and it should be further ordered that his petition or application for a writ of habeas corpus be denied on its merits.