**UNITED STATES of America, Plaintiff,**

v.

**Gene Arnold MEADOWS, Defendant.**

**Cr. A. Nos. 5553, 5597, 5598.**

United States District Court
W. D. Michigan, S. D.
March 21, 1955.

Wendell A. Miles, U. S. Atty., Grand Rapids, Mich., for plaintiff.

Gene Arnold Meadows, in pro. per.

STARR, Chief Judge.

In Criminal Action No. 5553 defendant Gene Arnold Meadows and one Les-ter Paul Hockman, who were named as codefendants, were indicted on May 18, 1951, by a Federal grand jury in this district for the transportation of a sto-len motor vehicle in interstate commerce, knowing the vehicle to have been stolen. 18 U.S.C.A. § 2312. On May 21, 1951, upon the request of Meadows and Hockman, one Leon B. Buer of Grand Rapids, Michigan, a competent and experienced attorney, was appointed to represent them. On May 22, 1951, they were arraigned with their attorney present, and each defendant entered a plea of not guilty. Trial of both of the defendants was adjourned from time to time upon their request, the request of their attorney, and the request of the United States attorney.

Defendant Meadows was arraigned on February 25, 1952, in Criminal Action No. 5597 under an information charging that while he was being transported to jail for confinement by a deputy United States marshal, he forcibly assaulted one Henry Kloet, a person employed to assist the deputy marshal. 18 U.S.C.A. § 111. Upon his arraignment with his attorney present, Meadows waived grand-jury indictment and voluntarily pleaded guilty of that offense. On the same date Meadows was arraigned in Criminal Action No. 5598 under an information charging him with attempting to escape from the custody of a Federal officer. 18 U.S.C.A. § 751. Upon his arraignment with his attorney present, Meadows waived grand-jury indictment and voluntarily pleaded guilty of that offense.

On the same date, February 25, 1952, defendant Meadows changed his plea of not guilty in Criminal Action No. 5553 to a plea of nolo contendere and, upon the recommendation of the United States attorney, the court accepted such plea. On March 7, 1952, Meadows was sentenced in Criminal Action No. 5553 to a prison term of two years and in Criminal Action No. 5598 to a prison term of three years, said terms to run consecutively. On the same date the court suspended imposition of sentence in Crim-

inal Action No. 5597 and placed defendant Meadows on probation for a term of two years, said period of probation to begin upon his release from actual confinement under the combined sentences imposed in Criminal Actions Nos. 5553 and 5598. Meadows began service of the above-mentioned sentences in the United States penitentiary at Terre Haute, Indiana.

It appears that sometime later Meadows was removed from the Federal penitentiary at Terre Haute to the District of Columbia to stand trial on a robbery charge in a criminal action in that district entitled United States of America v. Gene Arnold Meadows. He now contends that in that action a hearing was held on October 17, 1952, on the question of his mental competency to stand trial; that the court made a finding that he was mentally incompetent; that he was ordered committed to St. Elizabeth's hospital in Washington, D. C., for treatment; that he remained in that hospital until September 3, 1953, when he was transferred to the United States medical center for Federal prisoners at Springfield, Missouri, for treatment; and that he is still undergoing treatment at the medical center.

It may be noted that defendant Meadows' codefendant, Lester Paul Hockman, who was first represented by attorney Leon B. Buer appointed by the court at Hockman's request, and who was later represented by an attorney of his own selection and employment, likewise changed his plea of not guilty in Criminal Action No. 5553 to a plea of nolo contendere and that, on the recommendation of the United States attorney, the court accepted such plea; also that Hockman pleaded guilty under an information in Criminal Action No. 5595 charging him with forcibly assaulting a deputy United States marshal, and pleaded guilty under an information in Criminal Action No. 5596 charging him with attempting to escape from the custody of the United States marshal; that on March 7, 1952, the same sentences and terms of imprisonment and probation in Criminal Actions 5553, 5595, and 5596 were imposed upon Hockman that were imposed upon defendant Meadows in actions 5553, 5597, and 5598. It appears that Hockman and Meadows were both removed from the penitentiary at Terre Haute, Indiana, to the District of Columbia for trial on robbery charges against them and that both sought hearings in the robbery actions as to their mental competency.

Defendant Meadows has now filed a motion to vacate and set aside his pleas and convictions and the sentences imposed upon him in this court as hereinbefore set forth. He has also filed a motion with his supporting affidavit that he be allowed to proceed in forma pauperis, and he has requested that counsel be appointed for him. His motion to set aside and vacate his pleas, convictions, and sentences is filed in pursuance of 28 U.S.C.A. § 2255.[1] In support of

1. 28 U.S.C.A. § 2255: "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

"A motion for such relief may be made at any time.

"Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto. If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to col-

his motion Meadows contends that prior to and at the times he committed the offenses charged in the grand-jury indictment in Criminal Action No. 5553 and in the informations in Criminal Actions Nos. 5597 and 5598, and at the time he entered pleas and was sentenced in each of these actions, he was mentally incompetent, did not understand the charges made against him, and was unable to waive his constitutional rights; and that the sentence imposed upon him in each of said actions was void. However, he makes no showing whatever by documents or affidavits as to the determination of his mental competency by the court in the District of Columbia or as to his commitment and confinement in St. Elizabeth's hospital, or as to his present confinement and treatment in the medical center for Federal prisoners at Springfield, Missouri.

It should also be noted that he makes no claim that he was ever adjudged mentally incompetent or insane prior to his commission of the offenses involved in the three criminal actions in this court or prior to his pleas, convictions, and sentences in said actions.[2]

■ The government filed its answer to Meadows' motion, in which it contends that he was represented by competent counsel at the time of his arraignments, pleas, convictions, and sentences; that he was not deprived of any of his constitutional rights; and that his present contentions as to his mental incompetency or insanity are matters to be referred to the Director of the Federal Bureau of Prisons under administrative procedure provided by 18 U.S.C.A. § 4245, which provides:

"Whenever the Director of the Bureau of Prisons *shall certify that*

---

lateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate.

"A court may entertain and determine such motion without requiring the production of the prisoner at the hearing.

"The sentencing court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner.

"An appeal may be taken to the court of appeals from the order entered on the motion as from a final judgment on application for a writ of habeas corpus.

"An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."

2. It may be noted that in September, 1953, Meadows' codefendant, Lester Paul Hockman, filed a motion in this court in pursuance of 28 U.S.C.A. § 2255 to vacate and set aside his pleas and the judgments of conviction and sentence in Criminal Actions Nos. 5553, 5595, and 5596 on the ground that when he was arraigned in those actions he was mentally incompe-

tent and. of unsound mind and, therefore, unable to comprehend the indictment and informations filed against him, unable to waive his constitutional rights and enter pleas, and unable to assist counsel in his defense. It should be noted that Hockman's motion was supported by a certified transcript of the proceedings relative to his mental competency in the robbery action against him in the United States District Court for the District of Columbia. The government filed answer denying Hockman's right to the relief sought on the ground that on the three occasions when he was arraigned in this court, he was represented either by counsel appointed by the court or by counsel of his own choosing, and on the further ground that under 28 U.S.C.A. § 2255 he could not collaterally attack the judgments of conviction and sentence on the basis of alleged insanity at the time of the commission of the offenses charged or at the time of his convictions and sentences, in the absence of any showing that he had previously been adjudged mentally incompetent or insane. On November 20, 1953, this court filed its opinion and an order was entered denying Hockman's motion, and in its opinion the court noted that as no issue relative to Hockman's mental competency was raised before or at the time of the entry of his pleas and the judgments of conviction and sentence in the three criminal actions, his proper remedy was provided by 18 U.S.C.A. § 4245.

*a person convicted* of an offense against the United States has been examined by the board of examiners referred to in title 18, United States Code, section 4241, and that there is probable cause to believe that such person was mentally incompetent at the time of his trial, provided the issue of mental competency was not raised and determined before or during said trial, the Attorney General shall transmit the report of the board of examiners and the certificate of the Director of the Bureau of Prisons to the clerk of the district court wherein the conviction was had. Whereupon the court shall hold a hearing to determine the mental competency of the accused in accordance with the provisions of section 4244 above, and with all the powers therein granted. In such hearing the certificate of the Director of the Bureau of Prisons shall be prima facie evidence of the facts and conclusions certified therein. If the court shall find that the accused was mentally incompetent at the time of his trial, the court shall vacate the judgment of conviction and grant a new trial."

It seems clear that defendant Meadows has misconceived the procedure which he should follow in raising the question of his mental competency or sanity at the times he pleaded and was convicted and sentenced in the three criminal actions in this court. Section 4245 quoted above expressly relates to a person *who has been convicted* of an offense against the United States and provides for an examination by a board of examiners. It also provides in effect that if the Director of the Bureau of Prisons shall certify that there is probable cause to believe that the person was mentally incompetent at the time of his trial and conviction, and if the issue of mental competency was not raised and determined before or at the time of his trial and conviction, the Attorney General shall transmit the report of the examiners and the certificate of the Director of the Bureau of Prisons to the clerk of the district court wherein the conviction was had, and the court shall then hold a hearing to determine the mental competency of the accused at the time of his conviction. Under said section 4245 Meadows may request an examination by the board of examiners and may request a certification by the Director of the Bureau of Prisons that there is probable cause to believe that he was mentally incompetent at the time he was convicted and sentenced, and the court upon receipt of the report of the board of examiners and the certificate of the Director of the Bureau of Prisons will then hold the hearing required by said statute to determine his mental competency. It should be noted that section 4245, which expressly provides the procedure Meadows should follow, was enacted in September, 1949, subsequent to the decision in June, 1949, in Allen v. United States, 6 Cir., 162 F.2d 193.

As mentioned above, Meadows' motion to vacate and set aside his pleas, convictions, and sentences is filed in pursuance of 28 U.S.C.A. § 2255, quoted in footnote 1, and the government further contends that under that section he cannot collaterally attack the judgments of conviction and sentence on the basis of alleged mental incompetency or insanity at the times he committed the offenses or at the time of his convictions and sentences. It should be kept in mind that Meadows makes no claim that he had been adjudged insane or mentally incompetent prior to committing the crimes involved in these three criminal actions or prior to the time of his pleas, convictions, and sentences in this court. From his motion it appears that the finding of the court in the criminal proceedings in the District of Columbia that he was mentally incompetent was subsequent to the time he was convicted and sentenced in this court. Such subsequent finding by the District of Columbia court is certainly not determinative of Meadows' mental condition at the prior times when he was convicted and sentenced in this court. In the case of **Hahn v. United States, 10**

Cir., 178 F.2d 11, 12, in considering a motion based upon substantially the same grounds as the defendant's motion in the present case, the court said:

"Section 2255, supra, does not enlarge the class of attacks which may be made upon a judgment of conviction. It is limited to matters that may be raised by collateral attack. It is only where the judgment was rendered without jurisdiction, the sentence imposed was not authorized by law, or there was such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, that a motion to vacate will lie under this section.

"While insanity, in the sense that term is used in the criminal law, at the time the criminal act was done may be asserted as a defense to the criminal charge and present insanity may be asserted as a bar to trial on such charge, the issues with respect to such a defense or bar are for the determination of the court having jurisdiction of the criminal offense. A judgment of conviction may not be collaterally attacked on the ground that the prisoner was insane either at the time of the commission of the offense or at the time of conviction."

In support of its holding in the Hahn case the court cited Whitney v. Zerbst, 10 Cir., 62 F.2d 970, 972; McMahan v. Hunter, 10 Cir., 150 F.2d 498, 499; Whelchel v. McDonald, 5 Cir., 176 F.2d 260, 262; Fenton v. Aderhold, 5 Cir., 44 F.2d 787, 788. In distinguishing the case of Frame v. Hudspeth, 10 Cir., 109 F.2d 356, reversed 309 U.S. 632, 60 S.Ct. 712, 84 L.Ed. 989, the court said in the Hahn case:

"There, the defendant waived counsel and entered a plea of guilty. The issue was whether he had competently waived counsel. There was proof that Frame had (previously) been adjudged insane in the county court of Prowers County, Colorado, and committed to the Colorado State Hospital, and there was no countervailing proof to overcome the presumption arising from such adjudication."

The courts have repeatedly held that the presumption of sanity continues until overcome by evidence. See Lee v. United States, 5 Cir., 91 F.2d 326, 330; Hall v. Johnston, Warden, 9 Cir., 91 F.2d 363, 364. However, when it has been established that a prisoner has been legally adjudged mentally incompetent, the presumption of sanity no longer prevails and there arises a presumption of lack of mental capacity. Deposit Guaranty Bank & Trust Co. v. United States, D.C., 48 F.Supp. 369, 371. Therefore, the Frame case is clearly distinguishable from the present Meadows case in that Frame had been adjudged insane by a court of competent jurisdiction prior to his plea of guilty and sentence, while in the present case Meadows had not been adjudged mentally incompetent or insane prior to the judgments of conviction and sentence. Furthermore, the issue in the Frame case was whether the defendant was mentally competent to waive his constitutional right to counsel, while in the present case Meadows was at all times represented by competent counsel appointed by the court. The case of Byrd v. Pescor, 8 Cir., 163 F.2d 775, is likewise distinguishable from the present case, in that prior to his plea and sentence petitioner Byrd had been determined to be insane and, therefore, before the acceptance of his plea the trial court should have determined his mental competency.

In Hallowell v. Hunter, 10 Cir., 186 F.2d 873, the court cited the case of Hahn v. United States, supra, and reaffirmed the rule, 186 F.2d at page 874, that "a judgment of conviction may not be collaterally attacked on the ground that the defendant was insane either at the time of the commission of the offense or at the time of his trial and conviction." This holding in the Hahn case was quoted with approval in the

recent case of Melson v. Steele, D.C., 114 F.Supp. 594.

In the present case the court had jurisdiction of defendant Meadows and of the criminal offenses charged against him; he was represented by competent counsel appointed by the court in all proceedings in each action; and there was no contention, or even intimation, by the defendant or his counsel that he was not mentally competent. It may also be noted from the official court reporter's transcript of the proceedings at the time of the arraignment and plea in each case, that the court questioned Meadows and his counsel as to their understanding of the charges against him. The court is convinced that when Meadows was arraigned in each case, he was mentally competent; that he fully understood the charges against him; and that his pleas were willingly and voluntarily entered after he had consulted with his counsel.

In summary, the court concludes that the judgments of conviction and sentence entered in Criminal Actions Nos. 5553, 5597, and 5598 in this court cannot be collaterally attacked under 28 U.S.C.A. § 2255 on the ground that the defendant was insane or mentally incompetent, either at the time he committed the offenses charged or at the time he entered pleas. See Melson v. Steele, supra, 114 F.Supp. 594; Hahn v. United States, supra, 178 F.2d 11; Hallowell v. Hunter, supra, 186 F.2d 873. Furthermore, as no issue relative to his mental competency was raised before or at the time of the entry of his pleas, convictions, and sentences, Meadows may now avail himself of the remedy expressly provided by 18 U.S.C.A. § 4245 hereinbefore quoted.

As the motion and the files and records in these actions conclusively show that defendant Meadows is not entitled to the relief he now seeks, there is no occasion for his presence at a hearing or for the appointment of counsel to represent him.

For the reasons stated herein an order will be entered denying defendant Meadows' motion to vacate and set aside his pleas, convictions, and sentences in Criminal Actions Nos. 5553, 5597, and 5598.