Edward Frank JUDE, Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 5966.

United States Court of Appeals
Tenth Circuit.

Nov. 28, 1958.

Wallace McCamant, Denver, Colo., for appellant.

A. Pratt Kesler, U. S. Atty., Salt Lake City, Utah, for appellee.

Before PHILLIPS, MURRAH and LEWIS, Circuit Judges.

PER CURIAM.

This is an appeal from an order denying a motion made by Jude under 28 U.S. C.A. § 2255 to vacate and set aside a sentence.

On May 14, 1957, Jude and another were jointly charged in a complaint containing seven counts, filed with the United States Commissioner, with thefts of mail from an authorized depository for mail matter in violation of 18 U.S.C.A. § 1708.

On May 20, 1957, after a hearing, the Commissioner found probable cause that the seven offenses charged had been committed by the defendants and held them to answer to the District Court in accordance with Rule 5(c) of the Federal Rules of Criminal Procedure, 18 U.S.C.A.

On May 15, 1957, Jude, through counsel employed by him, filed a motion with the United States District Court, requesting that he be examined by a qualified psychiatrist to "determine the present competency of the defendant to stand trial and determine if possible the length of time which his competency has continued prior to the time of examination." On the same day the court entered an order directing such an examination to be made by Dr. Hardin Branch, a qualified psychiatrist. On May 27, 1957, Dr. Branch made a comprehensive report of the mental condition of Jude to Willis W. Ritter, Chief Judge of the United States District Court for the District of Utah. Dr. Branch reported that Jude had developed a mental illness "which would seriously affect his behavior," expressed the opinion that he suffered from "Schizophrenic Reaction, Paranoid Type"; that he needed treatment and might benefit considerably from treatment; and that such condition was of long standing. Dr. Branch further stated that Jude would be able to assist counsel to prepare his defense and was apparently well aware of the nature of his actions and of the "general considerations of right and wrong" and of the nature of punishment in connection with his misdeeds and, in effect, stated that he was not legally insane.

On June 7, 1957, Jude appeared in open court with his counsel, who called the court's attention to the question of Jude's sanity. The court examined Dr. Branch's

report and concluded that Jude was competent to plead and "to stand trial." While the motion filed by Jude, through his counsel, requesting his examination by a psychiatrist, does not specifically state that it is filed pursuant to 18 U.S.C.A. § 4244, such section provides for such a motion to be filed in behalf of the accused and the trial court in all material respects complied with the provisions of such section.[1]

After being fully advised as to his constitutional rights, Jude waived an indictment and consented to be tried on an information containing seven counts for theft of mail in violation of 18 U.S.C.A. § 1708. The information was filed and Jude entered a plea of not guilty as to each count.

The case came on for trial on June 17, 1957. At the completion of the evidence and before submission to the jury, counsel for Jude moved the court for a judgment of acquittal on the ground that Jude was insane at the time of the commission of the acts charged. After argument and careful consideration the court denied the motion.

The jury returned a verdict of guilty on each of the seven counts. The court imposed a sentence of five years on each of the first six counts, to run concurrently and not consecutively, and placed Jude on probation on the seventh count. The court directed that Jude be committed to the United States Public Health Service Hospital at Springfield, Missouri.

As grounds for the motion to vacate the sentence, Jude alleges that at each step of the proceedings below, from arraignment to the imposition of sentence, he was insane.

■■ It is only where the judgment was rendered without jurisdiction, the sentence imposed was not authorized by law, or there was such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack that a motion to vacate will lie under § 2255, supra.[2]

1. Section 4244, supra, provides:

"Whenever after arrest and prior to the imposition of sentence or prior to the expiration of any period of probation the United States Attorney has reasonable cause to believe that a person charged with an offense against the United States may be presently insane or otherwise so mentally incompetent as to be unable to understand the proceedings against him or properly to assist in his own defense, he shall file a motion for a judicial determination of such mental competency of the accused, setting forth the ground for such belief with the trial court in which proceedings are pending. Upon such a motion *or upon a similar motion in behalf of the accused,* or upon its own motion, the court shall cause the accused, whether or not previously admitted to bail, to be examined as to his mental condition by at least one qualified psychiatrist, who shall report to the court. For the purpose of the examination the court may order the accused committed for such reasonable period as the court may determine to a suitable hospital or other facility to be designated by the court. If the report of the psychiatrist indicates a state of present insanity or such mental incompetency in the accused, the court shall hold a hearing, upon due notice, at which evidence as to the mental condition of the accused may be submitted, including that of the reporting psychiatrist, and make a finding with respect thereto. No statement made by the accused in the course of any examination into his sanity or mental competency provided for by this section, whether the examination shall be with or without the consent of the accused, shall be admitted in evidence against the accused on the issue of guilt in any criminal proceeding. A finding by the judge that the accused is mentally competent to stand trial shall in no way prejudice the accused in a plea of insanity as a defense to the crime charged; such finding shall not be introduced in evidence on that issue nor otherwise be brought to the notice of the jury." (Italics ours.)

2. Pulliam v. United States, 10 Cir., 178 F.2d 777, 778 and cases cited in Note 1 thereto. See also Barrett v. Hunter, 10 Cir., 180 F.2d 510, 20 A.L.R.2d 965.

In Hahn v. United States, 10 Cir., 178 F.2d 11, 12, we said:

"While insanity, in the sense that term is used in the criminal law, at the time the criminal act was done may be asserted as a defense to the criminal charge and present insanity may be asserted as a bar to trial on such charge, the issues with respect to such a defense or bar are for the determination of the court having jurisdiction of the criminal offense. A judgment of conviction may not be collaterally attacked on the ground that the prisoner was insane either at the time of the commission of the offense or at the time of the conviction." [3]

It follows that the order appealed from is correct and it is affirmed.

---

3. See also Whitney v. Zerbst, 10 Cir., 62 F.2d 970, 972; McMahan v. Hunter, 10 Cir., 150 F.2d 498, 499–500; Whel-

chel v. McDonald, 5 Cir., 176 F.2d 260, 262.