**Russell Leo BRADLEY, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 5993.**

United States Court of Appeals
Tenth Circuit.

Jan. 8, 1959.

George E. Lohr, Denver, Colo., for appellant.

**680**

Hubert A. Marlow, Nowata, Okl., for appellee.

Before BRATTON, Chief Judge, and PICKETT and BREITENSTEIN, Circuit Judges.

BRATTON, Chief Judge.

The information in this case charged that Russell Leo Bradley transported in interstate commerce from Hamilton, Ohio, to Nowata, Oklahoma, a described stolen automobile, knowing that it had been stolen. The defendant waived his right to have the charge presented to a grand jury and consented to the filing of the information; waived his right to the assistance of counsel; and entered a plea of guilty to the charge. The sentence was imprisonment for a term of five years. A motion was filed under 28 U.S. C. § 2255 to vacate the judgment and sentence. Apparently drawn without the aid of an attorney, the motion did not set forth any specific ground or grounds therefor. It merely stated that a memorandum brief giving the reasons and authorities in support thereof was in the hands of the court. A hearing was had upon the motion to vacate at which evidence was adduced. The motion was denied, and from such denial this appeal seasonably followed.

■■ One ground of challenge to the order denying the motion to vacate the judgment and sentence is that appellant's waiver of the right to the assistance of counsel was not effectuated understandingly; and another ground of challenge is that appellant was denied due process of law in that he was convicted upon a plea of guilty which was not understandingly entered. At the very outset of the proceedings, appellant was advised in open court that he had the constitutional right to have an attorney represent him at every stage of a criminal proceeding, and that he could waive such right and proceed without an attorney if he desired to do so. With that explanation, he was asked what he desired; and in response to such question he stated that he desired to waive his right to an attorney and to proceed. It was then stated to appellant that he had a constitutional right to have the charge against him presented to a grand jury, and that he could waive that right and allow the charge to be presented by information. With that explanation, he stated that he wanted to waive the presentment to the grand jury. At that juncture, the Assistant United States Attorney stated to appellant that he was handing him a waiver of indictment which he could sign if he desired. He signed the waiver, and the waiver and the information were filed at the same time. It was then stated to appellant that the information charged that he transported in interstate commerce from Hamilton, Ohio, to Nowata, Oklahoma, a stolen 1957 Ford motor vehicle, knowing that such vehicle had been stolen. And he was asked if he understood the charge to which he replied that he did. Thereupon, he was asked how he pleaded to the charge, and he replied guilty. Of course, the waiver of the right to the assistance of counsel and the entry of a plea of guilty were not effective and valid when appropriately challenged unless appellant acted intelligently and understandingly. But there is no suggestion that he was a mere youth without previous experience in criminal procedure or that he was a person of low intelligence. On three prior occasions, he had pleaded guilty or been convicted of felonies, two being thefts of automobiles in Ohio and the third being a violation of the Dyer Act, 18 U.S.C. § 2311 et seq. in Oklahoma. The explanations made to appellant respecting his right to the assistance of counsel and the nature of the charge against him were not extended and did not go into detail. But they were direct, clear, and comprehensive. And we entertain no doubt that he acted intelligently and understandingly when he waived his right to the assistance of counsel and when he entered his plea of guilty.

The order denying the motion to vacate the judgment and sentence is

Affirmed.