**Harold Wayne DAVIS, Appellant,**

v.

**UNITED STATES of America,
Appellee.
No. 13706.**

United States Court of Appeals
Sixth Circuit.

June 17, 1959.

Certiorari Denied Oct. 12, 1959.
See 80 S.Ct. 113.

Stanley Goodman, Cincinnati, Ohio, for appellant.

J. Leonard Walker, and Robert D. Simmons, Louisville, Ky., for appellee.

Before MARTIN, Chief Judge, McALLISTER, Circuit Judge, and CECIL, District Judge.

## PER CURIAM.

Appellant filed his motion, under Title 28 U.S.C.A. § 2255, to vacate the sentence imposed on him by the District Court on the ground that he was insane at the time of the commission of the offense of kidnaping for which he was tried, and that he was also insane at the time of his trial. Appellant had never been adjudicated insane prior to the imposition of the sentence. The issue of insanity was raised for the first time upon the motion to vacate, in the District Court. See Bishop v. United States, 350 U.S. 961, 76 S.Ct. 440, 100 L.Ed. 835. The District Court held that the procedure that should be followed in this case was that provided in Title 18 U.S.C.A. § 4245.[1] The court stated that appellant should apply to the Director of the Bureau of Prisons for a determination by the board of examiners of the issue of his mental competency at the time of his trial; that if there were probable cause to believe that appellant was mentally incompetent, the board of examiners would so report, and the court would hold a hearing; and that if the appellant was found to be mentally incompetent, the judgment of conviction would be vacated and a new trial granted.

The court, therefore, denied appellant's motion filed under Title 28 U.S.C.A. § 2255, without prejudice to appellant to renew his motion thereunder, if the procedure under Title 18 U.S.C.A. § 4245, failed to provide an adequate remedy for ascertaining the mental condition of appellant at the time of his trial. After denial of the motion, appellant was ex-

[1] "Whenever the Director of the Bureau of Prisons shall certify that a person convicted of an offense against the United States has been examined by the board of examiners referred to in Title 18, United States Code, section 4241, and that there is probable cause to believe that such person was mentally incompetent at the time of his trial, provided the issue of mental competency was not raised and determined before or during said trial, the Attorney General shall transmit the report of the board of examiners and the certificate of the Director of the Bureau of Prisons to the clerk of the district court wherein the conviction was had. Whereupon the court shall hold a hearing to determine the mental competency of the accused in accordance with the provisions of section 4244 above, and with all the powers therein granted. In such hearing the certificate of the Director of the Bureau of Prisons shall be prima facie evidence of the facts and conclusions certified therein. If the court shall find that the accused was mentally incompetent at the time of his trial, the court shall vacate the judgment of conviction and grant a new trial."

amined by the Psychiatric Board at the hospital of the United States Penitentiary at Alcatraz, California, which reported that it was of the opinion that while appellant had a sociapathic personality, there was no evidence of psychosis, and that, in the opinion of the Board, he was mentally competent at the time of his trial and sentence.

Under the circumstances of this case, the order of the District Court is affirmed, without prejudice, however, to the right of appellant to renew his motion, pursuant to Title 28 U.S.C.A. § 2255. United States v. Meadows, D.C., 140 F. Supp. 184, affirmed 6 Cir., 232 F.2d 312; Broadus v. Lowry, 6 Cir., 245 F.2d 304, certiorari denied 355 U.S. 858, 78 S.Ct. 88, 2 L.Ed.2d 65. See also Gregori v. United States, 5 Cir., 243 F.2d 48.