**UNITED STATES of America,**
**Appellee,**

v.

**James Broadus CRAWLEY, Appellant.**

**No. 8659.**

United States Court of Appeals
Fourth Circuit.

Argued Oct. 2, 1962.

Decided Oct. 12, 1962.

James Broadus Crawley, pro se, on brief.

W. A. Bull, Asst. U. S. Atty. (John C. Williams, U. S. Atty., on brief) for appellee.

Before HAYNSWORTH and J. SPENCER BELL, Circuit Judges, and HUTCHESON, District Judge.

PER CURIAM.

Crawley was indicted for violations of Title 18 U.S.C.A. §§ 2113(a), 2113(b) and 2113(c) in the entry and robbery of a branch of a national bank. Tried by a jury upon pleas of not guilty, he was convicted on all three counts. On appeal, the conviction was affirmed, this Court holding that the evidence was sufficient to support the judgment of conviction.[1]

Thereafter Crawley filed some eleven successive petitions in the District Court, most of which were denominated as having been filed under Title 28 U.S.C.A. § 2255. Each of these petitions was denied.

On this appeal, Crawley appears to seek to relitigate the question of the sufficiency of the evidence, a question which we fully considered and determined on his direct appeal.

Additionally, he now contends he was not handed a copy of the indictment at the time of arraignment, a contention which is controverted by the transcript of the proceedings. At the trial Crawley was represented by very competent counsel of his own choosing. Counsel was present at the time of arraignment, and, in the full trial that followed, there is no question but that Crawley and his counsel knew and understood the charges upon which he was being tried.

Crawley also asserts that an exhibit admitted in evidence in a civil action, in which Crawley's right to have returned to him certain currency found in his possession at the time of his arrest was tried and determined adversely to him, differed somewhat from a similar exhibit admitted in evidence in the criminal action. The exhibit admitted at the criminal trial was a chart of certain bricks of new currency received from the Federal Reserve Bank by The Peoples National Bank of Greenville, and a subsequent transfer of some of that currency by The Peoples National Bank of Greenville to its Donaldson Air Force Base branch. If a similar exhibit admitted in the civil action varied from that admitted in the criminal action, there is nothing to indicate that the difference was significant or that the admission of the exhibit in the criminal action affected any constitutional right.

The petition raises no constitutional issue. Crawley's effort appears to

---

1. Crawley v. United States, 4 Cir., 268 F.2d 808.

be only to relitigate issues which were fully presented by his trial counsel on direct appeal or to tender issues which, at best, are reviewable only upon direct appeal and which may not be considered in collateral proceedings.

Denial of the petition without a hearing was plainly warranted.

Affirmed.