James Elmore **PUCKETT**, Appellant,

v.

**UNITED STATES** of America,
Appellee.

United States Court of Appeals
Tenth Circuit.

Jan. 31, 1963.

Gilbert L. McSwain, Boulder, Colo., for appellant.

Walker E. Anderson, Asst. U. S. Atty. (William T. Thurman, U. S. Atty., was with him on the brief), for appellee.

Before BREITENSTEIN, HILL and SETH, Circuit Judges.

HILL, Circuit Judge.

This appeal is taken from an order entered, without a hearing, denying appellant relief under a motion filed pursuant to 28 U.S.C. § 2255. Appellant, James Elmore Puckett, together with a co-defendant, appeared in the court below without counsel on June 29, 1961, for arraignment upon an information charging the two defendants with violation of the Dyer Act, 18 U.S.C. § 2312. The attorney for the government stated to the court that both defendants were charged with the same offense and he understood that appellant desired to waive his constitutional right to the assistance of counsel. Upon inquiry, appellant stated that he did not have the means to employ counsel and, after being advised by the court of his right to have counsel appointed to represent him, stated that he desired to waive the right to counsel. In addition, after being advised by the court of his constitutional right to be charged only upon an indictment, appellant waived this right and agreed to be prosecuted by information.

The lower court then started to inquire of the other ·defendant if he desired to waive his right to be charged only by indictment and was informed by the attorney for this defendant that both of the defendants were escapees from the Colorado State Mental Hospital. The court, upon learning this fact and on its own volition, vacated appellant's waiver of the right to prosecution by indictment and orally directed that a psychiatric examination of the defendants be made to determine if they were competent to stand trial on the charges. It is not clear from the record, however, whether the court intended to or did vacate appellant's waiver of the right to counsel.

Four days later, and on July 3, 1961, the two defendants were brought before the court for further proceedings. Appellant again appeared without counsel. They were reminded of the previous waivers of their right to prosecution only upon indictment and the court inquired if they had any further question with regard to the effect of such waiver or had any reason why the waiver should not be filed. Puckett replied, "No." Again, it is not clear whether the court was also referring to appellant's waiver of the right to counsel or not. The Assistant United States Attorney then informed the court that he had received an oral report from the two doctors appointed to examine the defendants and stated that, according to such oral report, "no psychosis or evidence of psychosis" was found in either of them and Puckett "was suffering from some organic brain damage" but "was well oriented, was aware of his surroundings and the situation and could be capable of understanding the proceedings and participating in the defense, if any was had for him." The court then inquired of Puckett:

"And, Mr. Puckett, we have had some discussion between us, and the Court satisfied itself, and I understand that you are satisfied, that you are able to participate in your own defense?"

He replied, "yes." The proceedings were continued until July 20, 1961, at which time the court had received the written report from the doctors indicating that while Puckett had mental problems he was "quite aware of the consequences of any anti-social act that he might commit and furthermore is able to distinguish between right and wrong * * *." Puckett again appeared without counsel and without any further clarification as to whether he had waived his right to counsel, the court accepted his plea of guilty. Later the same day and after reviewing the pre-sentence report, the court sentenced Puckett to be imprisoned for a term of 5 years.

In 1962, appellant commenced the present proceeding by filing a motion under 28 U.S.C. § 2255, to vacate and set aside the sentence he is serving. As grounds for his motion he alleged that his constitutional right to assistance of counsel, to prosecution only upon indictment, to be present at his trial and to due process of law were violated by virtue of his alleged incompetency at the time of the proceedings. The motion was denied by the sentencing court without a hearing and Puckett perfected this appeal.

■ We are met at the outset with the question of whether Puckett was entitled to a hearing on his motion under the rule announced by the Supreme Court in Machibroda v. United States, 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473. In that case the Court said (368 U.S. at page 494, 82 S.Ct. at page 513):

"We think the District Court did not proceed in conformity with the provisions of 28 U.S.C. § 2255 [28 U.S.C.A. § 2255], when it made findings on controverted issues of fact without notice to the petitioner and without a hearing. * * * The statute requires a District Court to 'grant a prompt hearing' when such a motion is filed, and to 'determine the issues and make findings of fact and conclusions of law with respect thereto' unless 'the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.' This was not a case where the issues raised by the motion were conclusively determined either by the motion itself or by the 'files and records' in the trial court. * * * *"

However, the Supreme Court in Machibroda also stated (368 U.S. at pages 495 and 496, 82 S.Ct. at page 514):

"What has been said is not to imply that a movant must always be allowed to appear in a district court for a full hearing if the record does not conclusively and expressly belie his claim, no matter how vague, con-clusory, or palpably incredible his allegations may be. The language of the statute does not strip the district courts of all discretion to exercise their common sense. * * *

"There will always be marginal cases, and this case is not far from the line. But the specific and detailed factual assertions of the petitioner, while improbable, cannot at this juncture be said to be incredible. If the allegations are true, the petitioner is clearly entitled to relief. Accordingly, we think the function of 28 U.S.C. § 2255 [28 U.S.C.A. § 2255] can be served in this case only by affording the hearing which its provisions require."

In accordance with the last quoted statements, this Court, as well as other Courts of Appeal, has held that a hearing is not required on a motion under § 2255 where the motion and the files and records of the case conclusively show that the prisoner is not entitled to relief. See, e. g., Burley v. United States, 10 Cir., 295 F.2d 317; Williams v. United States, 9 Cir., 307 F.2d 366; Bent v. United States, 8 Cir., 308 F.2d 585; United States v. Berry, 7 Cir., 309 F.2d 311; Thomas v. United States, 7 Cir., 308 F.2d 369; United States v. Crawley, 4 Cir., 309 F.2d 155.

■■ Thus, the real issue presented on this appeal is whether the motion and the files and records of the case conclusively show that appellant is not entitled to relief. We think not. It is a fundamental principle that an accused has a constitutional right to the assistance of counsel throughout the trial proceedings. Von Moltke v. Gillies, 332 U.S. 708, 68 S.Ct. 316, 92 L.Ed. 309; Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461; Igo v. United States, 10 Cir., 303 F.2d 317; Nanney v. United States, 10 Cir., 301 F.2d 57; Lewis v. United States, 10 Cir., 277 F.2d 378. It is also a fundamental principle that an accused may waive this constitutional right. Johnson v. Zerbst, supra; Igo v. United States, supra. However, unless the accused acts intelligently and understand-

ingly, when he waives the right to counsel such waiver is not effective and valid when appropriately challenged. Bradley v. United States, 10 Cir., 262 F.2d 679. And, the question of whether an accused has intelligently and understandingly waived the right to counsel is, of necessity, one of fact. Johnson v. Zerbst, supra.

■ In the case at bar the record does not clearly disclose whether apppellant's attempted waiver of the right to counsel was vacated and, if so, whether he again waived this right subsequent thereto. Moreover, even if it can be said that he did, we think that the circumstances surrounding the waiver, including his mental condition, are of such a nature that he is entitled to have this aspect of the motion disposed of on findings of fact after a hearing in which the sentencing court considers all of the relevant evidence offered.

Appellant requests that we reconsider in the light of Bishop v. United States, 350 U.S. 961, 76 S.Ct. 440, 100 L.Ed. 835, our decisions in Hahn v. United States, 10 Cir., 178 F.2d 11, and subsequent cases wherein we have held that a sentence cannot be collaterally attacked in a Section 2255 proceeding on the ground of mental incompetency at the time of trial. He argues that Bishop, in effect, overrules our decisions in Hahn and later similar cases and that we should therefore change the rule announced by this Court in those decisions. We decline to do so. Many of the decisions following Hahn were decided subsequent to Bishop with full knowledge of the holding in that case and certiorari has been denied in some of them. See, e. g., Jude v. United States, 10 Cir., 262 F.2d 117, cert. denied, 359 U.S. 960, 79 S.Ct. 800, 3 L.Ed.2d 767.

■ Other points raised by appellant's motion have been neither briefed nor argued in this Court and therefore are deemed waived. Legg v. Rock Products Manufacturing Corporation, 10 Cir., 309 F.2d 172; Watts v. United States, 10 Cir., 220 F.2d 483, 485, cert. denied, 349 U.S. 939, 75 S.Ct. 785, 99 L.Ed. 1267.

Reversed and remanded with directions to grant appellant a hearing on the question of whether he intelligently and understandingly waived the constitutional right to assistance of counsel.