Harold L. MOCK, Petitioner-Appellant,

v.

The UNITED STATES of America, Respondent-Appellee.

No. 15395.

United States Court of Appeals Sixth Circuit.

March 31, 1964.

* Senior Circuit Judge of the First Circuit, sitting by designation.

Paul R. Moran (Court appointed), Cincinnati, Ohio, for appellant, Harold L. Mock, in pro. per., on the brief.

Geraldine B. Ford, Asst. U. S. Atty., Detroit, Mich., for appellee, Lawrence Gubow, U. S. Atty., Detroit, Mich., on the brief.

Before WEICK, Chief Judge, and O'SULLIVAN and EDWARDS, Circuit Judges.

PER CURIAM.

Appellant sought vacation of a 20-year sentence for bank robbery, under Title 28 U.S.C. § 2255, on grounds of insanity. The District Judge without hearing denied the motion on the basis of the files and records.

The records referred to included transcripts of the hearing on arraignment and the hearing on sentence. At the lat-ter appellant was represented by experienced counsel. The District Judge conducted a careful examination of appellant and his counsel as to the truth and voluntary character of the plea of guilty.

The transcript of this hearing also indicates, however, that appellant asserted pertaining to the robbery, "I know at the time I did it I was sick," and that he asked for "medical help," and "psychiatric treatment."

On appeal this court appointed counsel for appellant who argued his appeal.

On hearing counsel for appellant relied principally on his claim of insanity at the time of commission of the crime, and when he pleaded guilty thereto.

Prior to a recent interpretation of § 2255 procedures by the United States Supreme Court in Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963), this court, on the facts in the instant case, would have affirmed without prejudice to appellant filing an application for a sanity examination under Title 18 U.S.C. § 4245, and subsequently renewing the motion to vacate sentence. Davis v. United States, 270 F.2d 177 (C. A.6 1959); Hoskins v. United States, 251 F.2d 51 (C.A.6 1957).

We now read Sanders, supra, (which was decided after the District Judge denied this motion) as suggesting that "any appropriate means for inquiry into the legality of the prisoner's detention" (Sanders, supra 373 U.S. at 22, 83 S.Ct. 1081, 10 L.Ed.2d 148) be employed at the first motion brought under § 2255, unless the files and records "conclusively show" that petitioner is entitled to no relief.

What is obviously missing from this record is the result of a § 4245 examination.[1] In order to procure such examination, we remand the case to the Dis-

---

1. In his order denying the instant motion, the District Judge referred to an examination of appellant in prison where "no indication of mental disease was found, but simply a propensity to fabricate."

Counsel for the government, on inquiry from this court as to the nature of the prison examination referred to by the District Judge, stated that this was the routine medical examination given on admission.

trict Court for further proceedings. The District Attorney (as an officer of the court) should initiate the § 4245 examination.

The order denying motion to vacate sentence is vacated and the case is remanded.